JANUARY TERM, 1843. 613

The Planters' and Merchants' Bank, use, &c. v. Blair and Morroh.

## THE PLANTERS' AND MERCHANTS' BANK, use, &c. v. BLAIR AND MORROH.

1. When a creditor receives a note from his debtor with other persons as security, and the note is made payable to a Bank, under the expectation that it will be discounted, the securities are not discharged by the refusal of the Bank to discount it, but the creditor may sue in the name of the Bank, or transfer the note to another, who may in like manner use the name of the Bank to collect the money.

WRIT of Error to the Circuit Court of Greene County.

This is an action of assumpsit by the Planters' and Merchants' Bank of Mobile, for the use of Sayre, Converse & Co. against Blair and Morroh, as the makers of a note, by which one Briley as principal, and themselves and one Adcock as sureties promised to pay to the President and Directors of the said Bank $729 12, twelve months after the 15th of June, 1838.

The cause was tried on the general issue, and the proof was that sometime previous to the date of the note the witness had conversed with the principal in the note and one Horton, and from this the witness learned that Briley, the principal, was indebted to Horton $2,000, or upwards. The debt, as the witness understood from those persons, arose from advances of cash made by Horton to Briley. In order to facilitate the payment of the debt, Horton proposed to Briley that it should be divided into three parts, to which the latter assented, and afterwards, and when this agreement was made, Briley called at the house of the witness, in company with Adcock, to carry it into effect, and requested the witness to attest his and Adcock's signature to these notes, made pursuant to the said agreement. The note sued on is one of those notes. The witness heard nothing said as to the reason why the notes were made in the form they were, but supposed them to be so made at the request of Horton. The witness also stated facts, showing an advance or loan to Horton by Briley of $2,000 in 1837.

The defendant proved by the Cashier of the Bank, that the note sued on did not belong to it, nor had he any knowledge of the suit until his evidence was taken. It was admitted the note was in the form prescribed by the Bank for notes to be discounted by it.

No evidence was given to show that defendants knew any thing of the transaction between Horton and Briley, nor that they had any notice of any consideration given for the note by Horton.

Upon this state of facts, the Court charged the jury, that in the absence of any knowledge or notice of the facts stated by the plaintiff's witness, as to the transaction between Horton and Briley and Adcock, the defendants were not liable to this action. The plaintiff excepted, and the defendants having had a verdict and judgment in their favor, the charge of the Court is now assigned as error.

THORNTON, for the plaintiff in error, cited Commercial Bank of Natchez v. Claiborne et al, 5 Howard, 301; Bank of Rutland v. Buck, 5 Wend. 66.

MURPHY, contra.

GOLDTHWAITE, J.—The circumstances in evidence when this case was tried, have no tendency to establish a fraudulent contrivance, either by Briley, the principal in the note, or by Horton, to whom it was given. The material inquiry is, whether a sufficient consideration is shown or may be presumed? and is not, as assumed by the Circuit Court, whether these defendants were informed of the manner in which Horton or Briley intended to use the note.

In the absence of any evidence upon the matter, the presumption is that all the sureties intended to be bound for the sum of money expressed in the note, and it is entirely immaterial whether it is paid to the Planters' and Merchants' Bank or to another. Conceding that the presumption could properly be drawn that the sureties intended the note to be discounted by the Bank, the primary object certainly was, so far as can be inferred, from the absence of any proof to the contrary, to benefit Briley. This benefit has been received by him, and there-

fore the principal object for which the note was made has been attained. The cases are numerous to show, that when a note is made payable to a Bank, and with the expectation that it will be discounted, it does not discharge the sureties if the principal raises money on it by another mode; and that in such a case the holder is entitled to use the name of the Bank for the purpose of collection. [Bank of Rutland v. Buck, 5 Wend. 66; Chenango Bank v. Hyde, 4 Cowen, 567; Powell v. Waters, 17 John. 176; Utica Bank v. Ganson, 10 Wend. 314; Commercial Bank of Natchez v. Claiborne, 5 Howard, 301.]

Let the judgment be reversed and the cause remanded.