## BREWER AND HOLLY v. MORGAN.

1. No action can be maintained on a note, which was made upon the con-sideration of running a horse race, and before the race was run, delivered up by the stakeholder, although it is again put in circulation by two of the makers, upon a valid consideration, one of the makers not being privy to, or assenting to such re-delivery.

Error to the Circuit Court of Covington. Before the Hon. E. Pickens.

ASSUMPSIT by Morgan, for the use of John G. Barrow, to recover upon a promissory note for $500, made by one John Chambliss, with the plaintiffs in error, payable to Morgan, who is the defendant in error. The suit was discontinued as to Chambliss, who was not served with process. The declaration contains but a special count upon the note. Judgment and verdict for the plaintiff below.

Upon the trial, a bill of exceptions was sealed, which shows, that Chambliss, the principal in the note, and one Sprowls, being about to run a horse race, they mutually executed notes with security for $500 each, and deposited them in the hands of a stakeholder, as a forfeit, if the race should not be run. The note in suit was made for that purpose, and left with Barrow, for whose use the suit is brought, as a stakeholder. That Chambliss failed to run the race, and the said Barrow, before the time when the race was to be run, delivered the note to the defendant Brewer, saying "the money has been deposited, here is your note." That a few days thereafter, the same note was re-delivered to Barrow, by Brewer and Holly, upon an agreement that they would pay said note, if Barrow would give up to one Sprowls a negro held by him as a pledge for the payment of $300, loaned by Barrow to Sprowls, which he accordingly did. There was no proof, other than such as the above transaction fur-

nished, that said defendants below were indebted to Sprowls. It further appears, that Barrow knew all about the consideration of the note.

Upon this state of facts, the court was asked to charge the jury, "that if Barrow knew the note sued on was given for the consideration and purpose as stated, at the time he received it, notwithstanding Holly may have promised to pay it, the plaintiff could not recover against him." Also, "that if they believe the facts herein stated, and if they found that Barrow received the note with a knowledge of its illegal consideration, he would not be an innocent holder, and therefore could not recover, although they might be satisfied that Holly promised to pay it, at the time Barrow received it." These charges the court refused to give, and the plaintiff excepted, and assigns the refusal of the court to give the instructions prayed for, as error, in this court.

WATTS, for the plaintiff in error.

1. The note sued on being executed for an illegal purpose and illegal consideration, is void; and this is so, even in the hands of an innocent holder for valuable consideration, unless he is induced to take it (without knowledge or information on his part) by the representations of the makers, that they would pay it. See Parker, et al. v. Callihan, 5 Ala. R. 708; Manning v. Manning, 8 Ib. 138; Givens v. Rogers, 11 Ib. 543. The record in this case shows, that defendant in error was cognizant of all the facts, at the time he received it.

2. The delivery of the note sued on, to Brewer, one of the makers, after it had accomplished the purposes of its execution, extinguished it, even if it had been valid in its inception, and it could not be again put in circulation by Brewer and Holly, so as to make it valid, without the assent of Chambliss, the other and principal maker. And to put it in circulation under these circumstances, even for a valuable consideration, (Barrow the beneficial plaintiff being cognizant of all the facts,) was fraud on Chambliss; and no recovery can be had on the note. See Story on Prom. Notes, § 425; Wallace v. Branch Bank at Mobile, 1 Ala. 569, and authorities there cited; 1 Cow. 387, and authorities there cited; Foster v. Athenæum, 4 Ib.

3. If the indebtedness of Sprowls to Barrow could be considered a sufficient consideration to sustain the promise on the part of Brewer and Holly, to pay that amount; yet no action can be had on the note, 1, because of the reasons stated in the first and second points made in this brief; and, 2, because the note sued on is for $500—two hundred dollars more than the indebtedness from Sprowls to Barrow; which sum of $200 being for an illegal consideration, renders the whole note void.    See Clay's Dig. 257, § 1; Moore v. Tarlton & Payne, 3 Ala. 444; Story on Prom. Notes, § 190.

PRYOR, for the defendant in error, contended—1. That the charge as moved for, assumed the facts to be proved, and should have been rejected for that cause, if for no other. Smith v. Carrington, 4 Cranch, 61; U. States v. Bunham, 1 Mason, 57.

2. A note founded on a gaming consideration may support an action in favor of a *bona fide* holder, upon the promise of the maker.    Manning v. Manning, 8 Ala. 138; Givens v. Rogers, 11 Id. 543.    A promissory note which has been returned to the makers, is no longer a promissory note, and when the note in this case was returned to two of the makers, and by them re-issued upon a valid consideration, it was divested of its previous noxious qualities.    Story on Bills, § 223.    The re-issue of the note was a new contract, and the knowledge of Barrow of the illegality of the note in its inception, could not affect the new transaction.

CHILTON, J.—The note sued on, so far as its vitality depends upon the original consideration, is void under our statute, (Dig. 257, § 1,) being given to be staked upon a horse race.    Besides, it was returned to the makers, and thus became extinguished as to Chambliss, one of the makers, who, so far as we are informed by the bill of exceptions, was not consenting to its again being put in circulation.    It was however subsequently transferred by delivery by Brewer and Holly, upon a new and valid consideration, viz : the release of the slave pledged to Barrow, and it is averred, and proved, that Brewer and Holly agreed that they

70

would pay the note upon its subsequent delivery to Barrow. The question then comes up, whether, by virtue of this subsequent arrangement, the plaintiff below could recover against the defendants *on the note?* We have already seen, the note based upon the illegal consideration was void, and it cannot be recovered upon as a note, based on such a consideration.

In Guild v. Eager, 17 Mass. Rep. 615, it is held, that a negotiable note once paid, cannot be afterwards transferred, where some party to the bill, or note, might be prejudiced, or troubled with a suit, who ought to be discharged. This doctrine received the approval of this court, in the case of Wallace v. The Branch Bank at Mobile, 1 Ala. R. 569. Applying the principle above stated, the plaintiff cannot recover upon *the note*, aside from the objection of illegality of consideration, if the note was cancelled by the payment of the money, before it was transferred to Barrow. Waiving the consideration of the objections as to the form in which the first charge was asked, we think the point, as to whether Barrow can recover under the proof declared in the bill of exceptions, is clearly and properly presented in the second charge, and under this proof, the plaintiff having acquired the note in the manner disclosed, cannot recover. The court erred in refusing the second charge.

The judgment is reversed, and cause remanded.