## HORTON, Executor, &c. vs. AVERETT.[*]

1. A legatee cannot proceed in the Court of Probate against an executor to recover a legacy, before the expiration of eighteen months from the granting of letters testamentary.

2. A judgment rendered by the Court of Probate against an executor in favor of the legatee, before a final settlement of the estate by the executor, is erroneous.

ERROR to the Court of Probate of Shelby.

WHITE & PARSONS, for plaintiff in error, cited Willis v. Willis, 9 Ala. 721; Price v. Simmons, 13 ib. 749; Clay's Digest 304, § 42; ib. 196, §§ 22, 23; Pamphlet Acts of 1846, page 14.

No counsel for defendant.

COLEMAN, J.—This was a proceeding had before the Probate Judge to recover a legacy bequeathed by Thomas Averett, deceased, to his wife, Lucinda Averett. To ascertain the law regulating proceedings of this character, it will be necessary to examine and compare the several statutes on this subject.

By the twenty-third section of the statute in relation to estates of deceased persons, (Clay's Digest 196,) it is declared, that "any person entitled to the distribution of an intestate's estate, may at any time after the expiration of eighteen months from granting the letters of administration, petition the Orphan's Court, setting forth his claim; whereupon it shall be the duty of said court to grant a rule on the administrator or administratrix (as the case may be) to make the distribution agreeably to law; but no administrator, &c., shall be compelled to make distribution at any time, until bond and security be given by the person entitled to distribution, to refund a due proportion of any debts or demands which may afterwards appear against the intestate, and the costs attendant on the recovery of such debt."

"§ 24. Any person entitled to a legacy, or any estate by will, shall be entitled to the provisions of the foregoing sec-

* The opinion in this case was delivered at the June Term, 1851. It should have appeared in 19 Ala.—REPORTER.

tion, as in case of administrators: *Provided*, That nothing herein contained shall be so construed, as to compel any distributee to give bond and security as aforesaid, for his or her distribution of the estate of any intestate, after a final settlement shall have been made by the administrator or administratrix."

By the act of 1830, § 42, (Clay's Digest 304,) it is enacted, that "all decrees made by the Orphan's Court on final settlements on the accounts of executors, administrators and guardians, shall have the force and effect of judgments at law, and executions may issue thereon, for the collection of the several distributive amounts, against such executor, administrator or guardian."

" § 43. When distribution of real or personal estate is decreed by said court, each distributee, heir or devisee, may and shall have his or her writ of execution or attachment, one or both in the case of personal estate ; and in the case of real estate, a writ of *habere facias possessionem* against the executor, administrator or guardian ; and the sheriff to whom such writ shall be directed shall execute the same according to the commands thereof."

We think it clear, that the distributions spoken of in the last section are those decreed by the Orphan's Court on *final settlements*, as mentioned in the preceding section of the same act.

According to our construction of the foregoing statutes, the court erred, 1st, In permitting the plaintiff below to proceed against the executor before the expiration of eighteen months after the granting of the letter testamentary ;

2. In giving judgment for the legacy, and awarding execution thereon, before a final settlement of the estate of the said testator by the executor.

Let the judgment be reversed, and the cause remanded.