Bird v. Wooley, use &c.

---

## BIRD vs. WOOLEY, use, &c.

1. When suit is brought on a note in the name of the payee for the use of another person, if the defendant does not by plea deny its execution, the note itself imports a consideration, and this presumption is not repelled by showing that the payee "never was the owner of the note, and never put it in circulation or authorized it to be done."

Error to the Circuit Court of Talladega.

Tried before the Hon. Ezekiel Pickens.

Assumpsit by Andrew Wooley, for the use of Jacob P. House, against Isaac Bird, the plaintiff in error, on the following note :

"$400. Four months after date we jointly and severally promise to pay Andrew Wooley, or bearer, four hundred dollars, for value received, this      day of May, 1843.

(Signed)                                                       Isaac Bird."

It appears by bill of exceptions, that the plaintiff read this note, and closed. The defendant then proved by Andrew Wooley, the plaintiff in the action, that he was applied to by Jacob P. House, (the person for whose use the suit is brought,) to borrow money, and that he obtained it on a mortgage executed on property at the time of the loan, but that this transaction was long before this note became due, say nine or ten years before the trial, which was had the 5th November, 1851. He further testified, " that he never was the owner of the note sued on in this action, in any shape or form ; that he never put it in circulation, nor authorized it to be done." Thereupon the defendant asked the court to charge the jury " that a note is only *prima facie* evidence of a consideration having passed between the maker and the payee, and that if they believed from the evidence that none passed between the plaintiff, Wooley, and Bird, that Wooley never was the owner of the note sued on, and never put it in circulation nor authorized it to be done; then it cast the burthen of showing that the defendant received value for the note from the holder."

This charge the court refused to give, but charged the jury, that, if there was no consideration for that note as between the maker and the payee, yet the law presumed a consideration between the maker and the person to whom it may have been delivered.

The defendant excepted to the refusal of the court to give the charge prayed for by him, as also to the charge given, and he here assigns the same for error.

White & Parsons, for plaintiff in error :

1. This note is not payable in Bank, and therefore is governed by our statute. It is admitted that, in the hands of the payee, or of any one to whom he has transferred it, this note is, of itself, *prima facie* evidence " of the debt or duty for which it was

given."—Clay's Dig. 340 § 152. But this is as far as that statute goes. Whenever it is shown, as it was in this case, that the note sued on "never was owned by Wooley, in any shape or form; that he never put it in circulation, nor authorized it to be done," then, we insist, the person for whose use the suit is brought must show himself a holder under such circumstances as will authorize him to recover notwithstanding these facts.—Wallace v. Br. Bk. Mobile, 1 Ala. 569, and cases cited; Brewer v. Holley, 13 Ala. 533; Brown v. Tabor, 5 Wend. 566. The charge which was asked and refused, simply affirms this proposition, and should have been given.

2. The charge given is abstract. The record sets out all the proof offered by plaintiff, viz., the note. When it was shown this note had never been in the possession of the payee, nor put in circulation by him in any way, then the law could not presume a consideration paid, nor a delivery of the note to any one, *without proof.*

J. J. WOODWARD, *contra :*

The defendant having failed to plead *non est factum*, he cannot deny the execution of the note.—Clay's Dig. 340 § 152. The execution consists of the making and delivery of the note to somebody. This is a legal conclusion which defendant is estopped by the statute from denying. The proof, therefore, that the note was not executed to Wooley, leaves the inevitable legal conclusion that it was executed in the name of Wooley, either to the usee or to some one through whom he obtained it. Then the question arises : Does not a note drawn payable to Wooley, and delivered to House, the usee, or some one through whom he obtained it, import a consideration ? There can be no doubt that it does, either by the common law or the statute above referred to. Neither confines the principle, that a note imports a consideration, to the case where the note is delivered to the nominal payee.

To allow the plaintiff in error to assume from the proof that the note was delivered to some one without consideration, to be delivered to Wooley, from whom the consideration was to come, and upon this hypothesis to ask the charge which he did, would be to allow him to deny indirectly the execution of the note without the plea of *non est factum*; because the note, until de-

livered to Wooley, or some *bona fide* holder, would not be a bind-ing legal liability upon Bird, in other words, had not been made and delivered. And to infer, from the fact that it was never delivered to Wooley, that it was never delivered for considera-tion as a binding promissory note to any other, is to deny the ex-ecution of the note. But if it was intended that the note should be negotiated to Wooley, the fact that it was not did not au-thorize the change asked.—5 Ala. 383 ; 4 Ala. 613.

CHILTON, C. J.—Wooley, the nominal plaintiff, is allowed to testify without objection, and we must regard his evidence the same as if made by any disinterested witness ; his interest, which was waived, being against the party who examines him.

The question comes up, What is the legal effect of the facts to which he deposes ? That the note sued on was signed and delivered by the defendant, is admitted by the pleading ; for, under our statute, its execution could only be put in issue by a sworn plea, which has not been put in. Being sued for the use of House, the presumption is, that he has the beneficial interest in it ; that he is the possessor of it, and that the same is in suit by his direction, he being responsible for the cost.

Now if the note was executed, that is, signed and delivered by Bird, the defendant, as a valid security, to House or any one else, and it came to his possession, an action lies in the name of the payee mentioned in the note, for the use of the party really entitled. It does not follow that, because the payee never owned or had possession of the note, and never put it in circulation, it is invalid, for the payor may have put it in circulation in this form, and, if he did not, he should have pleaded that fact in bar of the recovery. Failing to do so, and thus admitting its execution, the note as against him imports a consideration, and this presumption is not repelled by merely showing that the payee had no connection with it.

Bird made the note ; and the manner in which it got into cir-culation, and the circumstances under which it was made, are presumed to be within his knowledge ; and if he would avoid it, he, and not the holder, must take upon him the burthen of proof; must either deny its execution by him on oath, or, admitting its execution, must show that it was without consideration. In Thompson v. Armstrong, 5 Ala. R. 383, the point under con-

sideration appears to have been settled. In that case, the note was in the form prescribed by the Bank for discount ; was payable to Andrew Armstrong, cashier, and was signed by the defendant and three others. The plaintiff proved the defendant's hand-writing to the note, and read the instrument to the jury, and closed his proof. The defendant then proved that the note had never been discounted at the Bank ; that the Bank had not and never had any interest in the note, laid no claim to it, and had not authorized the suit. The defendant proved that Armstrong was cashier of the Bank when the note was made, and that it was in the usual form of notes discounted by the Bank. There was in that case, as in this, a total want of proof to show how the person for whose use the suit was brought had acquired the note. Under this state of facts, the question was raised by the request of the defendant for charges, whether the nominal plaintiff or beneficiary was not required to prove a consideration as passing from one or the other of them, and whether the facts did not tend to show that the note was fraudulently put in circulation. The court, however, held, substantially, that the facts in evidence did not cast the *onus* of proof of consideration on the plaintiff ; that the note furnished *prima facie* evidence that the debt was due from the defendant, and also, that the facts did not warrant the court in referring it to the jury to ascertain whether the note was not put fraudulently into circulation.— This case is decisive of the one before us. In each, the payee, who never had the note, nor claimed any interest in it, is the plaintiff, for the use of a third party, who failed to show how he acquired an interest, and we are unable to distinguish between them. The fact that one is mercantile paper and the other is not, makes no difference, in the view in which we are considering the case, as in neither case was there an inducement.—See also The Planters' & Merchants' Bank v. Blair & Morroh, 4 Ala. Rep. 613.

There is no evidence in this case that the note was put in circulation by fraud, so as to require the holder to prove that he was a *bona fide* possessor ; nor does the case fall within the influence of the cases of Wallace v. The Br. Bank, 1 Ala. 569, and Brewer & Holley v. Morgan, 13 Ala. 551. On the contrary, the proof, as we have said, is not inconsistent with a valid delivery of the note to House, who has it in possession, and in

whose hands it is evidence of a debt owing by the maker for the use of House, until the contrary is shown.

There was no error in the rulings of the court, and the judgment must be affirmed.