# Walker *v.* Johnson.

### Bill in Equity by Legatee against Executor.

1. *Suit for legacy; when maintainable.*—When no time of payment is fixed by the will, a pecuniary legacy is not payable until the expiration of eighteen months from the grant of letters testamentary, and a suit to enforce payment, whether at law or in equity, commenced within that time, is premature.

2. *When legatee may come into equity.*—Notwithstanding the statutory jurisdiction conferred on the Probate Court in the matter of proceedings to compel executors to give bond, and to enforce the payment of legacies, the Chancery Court retains its original jurisdiction in regard to legacies, and will exercise that jurisdiction, at the instance of a legatee,

[Walker v. Johnson.]

when there is just cause to apprehend loss, before the legacy is due and payable; as where it is alleged that the executor is a non-resident, that the will relieved him of giving bond, that he has sold some of the property, and has removed some of the personal assets from the State.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. S. K. McSpadden.

The bill in this case was filed on the 18th March, 1887, by Mrs. Elizabeth K. Johnson, against L. P. Walker, both individually and as executor of the last will and testament of his deceased mother, Mrs. Eliza D. Walker, and against several other persons, legatees under the will. Mrs. Walker died, in said county of Madison, on the 26th November, 1885, and her will was there duly admitted to probate, letters testamentary being granted on the 16th December, 1885, to said L. P. Walker, who was also residuary legatee and devisee. By the terms of the will, a pecuniary legacy of $1,000 was bequeathed to the complainant, and pecuniary legacies aggregating $2,100 were bequeathed to the other persons made defendants to the bill. The bill alleged, that the testatrix owed debts not exceeding $500, and was possessed of personal property worth $5,000, a house and lot in Huntsville worth $5,000, and a plantation in the county worth $10,000; that the executor was a non-resident, and was relieved by the will from giving bond; that he owned no property except that given him by the will; that he had sold the house and lot in Huntsville, had taken possession of the personal property, sold and converted a part, and removed a part beyond the limits of the State; and that the complainant had no adequate remedy to secure her said legacy, except by invoking the jurisdiction of the court. The bill prayed that a decree be rendered against said Walker as executor, in favor of complainant, for the amount of her legacy, and be declared a charge or lien on the real estate; that the real estate be sold, if necessary, to pay said legacy; that the executor be required to file an inventory of the property, real and personal, belonging to the estate; that the court take jurisdiction of his administration of the estate, and settle it; and the general prayer, for other and further relief, was added.

The defendant filed a demurrer and plea, on the ground that the bill was prematurely filed. The chancellor overruled the demurrer and the plea, and his decree is now assigned as error.

CABANISS & WARD, for the appellant.—(1.) As a suit to recover a legacy, the bill was prematurely filed.—*Hallett v. Allen*, 13 Ala. 554; *Myers v. Myers*, 33 Ala. 85; *Horton*

[Walker v. Johnson.]

v. *Averett*, 20 Ala. 719; *Williams v. Mason*, 18 Ala. 87. (2.) The bill can not be retained for the purpose of removing and settling the administration of the estate, as the chancellor held. In the matter of administrations, the Chancery Court and the Probate Court have concurrent jurisdiction; but that jurisdiction can only be invoked, in either forum, by a proper party, on a proper case, and at a proper time. The proceedings in each court are the same, and it must be shown that the estate is in a condition to be settled and distributed,—*Scott v. Abercrombie*, 14 Ala. 270; *Hall v. Wilson*, 14 Ala. 295; 64 Ala. 174; 76 Ala. 312.

D. D. SHELBY, *contra*, cited *Stearns v. Withers*, 30 Ala. 712; *Leavens v. Butler*, 8 Porter, 380; *Pearson v. Darrington*, 18 Ala. 348; *Brooks v. Lynde*, 7 Allen, Mass. 64; Schouler on Executors, § 748; *Randle v. Carter*, 62 Ala. 101; 2 Roper on Legacies, 1791, 2d Amer. ed.

CLOPTON, J.—The bill, one of the purposes of which is to recover a pecuniary legacy, was filed by appellee before the expiration of eighteen months after the grant of letters testamentary. A demurrer was interposed, the only ground assigned being that the bill is prematurely filed. The manifest policy and design of the statutory system, relating to the administration of the estates of deceased persons, are to allow the personal representative eighteen months within which to ascertain the condition and settle the affairs of the estate, and to be prepared to apply the residue, after paying the debts, among those entitled to distribution, if the estate is solvent. Eighteen months are allowed for the presentation of claims, and no judgment can be rendered against the executor or administrator, as such, until eighteen months after the grant of letters testamentary, or of administration, though suit may be commenced after six months, the claim having matured. The personal representative, when satisfied that the estate is solvent, may at any time so report it, and obtain an order of distribution as to the whole, or any part of the property; but such order, if made before a final settlement, and the proceedings thereon, is not a defense in any action brought against the representative as such.—Code of 1876, §§ 2597, 2614, 2474. After eighteen months from the grant of letters, the court may, in cases of intestacy, make an order of distribution out of the assets of the deceased, on the application of any person entitled; and in cases of intestacy, a legatee may apply to the Probate Court to compel payment of the legacy, when

the assets are more than sufficient to pay the debts of the deceased.—Code of 1876, §§ 2482, 2475.

These statutory provisions operate to appoint eighteen months after the grant of letters testamentary as the period when a pecuniary legacy, no time of payment being fixed by the will, may be demanded. Until then, it is not considered due, does not bear interest, unless in exceptional cases, and the legatee can not compel payment.—*Hallett v. Allen*, 13 Ala. 551. Except in cases otherwise specially provided, a suit, neither at law nor in equity, can be instituted to enforce the payment of a pecuniary demand, until the right to demand payment has accrued. A legatee can not sue at law, and recover his legacy, upon proof that the executor assented to the same, as authorized by section 2634 of the Code, and can not apply to the Probate Court to compel payment, until after eighteen months from the grant of letters. The same rule applies when the suit is in equity to enforce the payment of a legacy. The statutes operate to postpone the commencement of the suit in any *forum* until the expiration of the eighteen months.—*Horton v. Averett*, 20 Ala. 719.

If the *sole* purpose of the bill was to *recover the legacy*, the demurrer would be well taken. But there is another phase of the bill, which it does not reach. The bill alleges, that the executor resides out of the State, is exempt from giving bond, and has no property except what he derives under the will. It further alleges, that the testatrix did not owe debts to an amount exceeding five hundred dollars; that she owned personal property of about the value of five thousand dollars, some of which had been sold by the executor, and a part of which he had removed out of the State; and that he had sold a lot in Huntsville worth about five thousand dollars. For the purposes of this appeal, the truth of these averments must be assumed. Notwithstanding the statutory provisions for the recovery of a pecuniary legacy at law, after assent by the executor, and for the application to the Probate Court to compel payment, courts of equity retain and exercise their original jurisdiction in cases of legacies. The jurisdiction rests on the ground, that the executor is regarded a trustee for the benefit of the legatees—that the relation is one of constructive trust, which equity has power to enforce, the power of no other court being adequate and complete to protect and adjust the rights and claims of all the parties.—*Leavens v. Butler*, 8 Por. 380; *Pearson v. Darrington*, 18 Ala. 348. When there is danger of waste, the jurisdiction will be exercised protectively, whether or not the executor has assented, and

though the legacy may be payable at a future day, or even contingently. In 1 Story's Eq. Jur., § 603, the author says : "In cases of pecuniary legacies, due and payable at a future day (whether contingent or otherwise), courts of equity will compel the executor to give security for the due payment thereof ; or, what is the modern, and perhaps generally the more approved practice, will order the fund to be paid into court, even if there be not any actual waste, or danger of waste, of the estate." And in *Randle v. Corter*, 62 Ala. 95, it is said : "Though, generally, the court will not withdraw assets from the custody of the executor or administrator, unless he has been guilty of misconduct, or there is just cause to apprehend loss ; in the exercise of its jurisdiction for the protection of future rights and interests, it will intervene though there has been no misconduct, no *devastavit*, or reason to apprehend it ;" whether or not the period for the payment of the legacy has arrived, or whether it is vested or contingent. The rule is, that a court of equity, in the exercise of its original jurisdiction, will interpose to protect a legacy, though not payable, when there is reasonable cause for protection. This jurisdiction is not ousted by the statute providing that the legatee may require bond from an executor exempt from giving it by the will ; and such remedy is not always adequate.—Code 1876, § 2367.

Though the primary purpose of the bill is to compel payment of the legacy, its allegations—the non-residence of the executor, his exemption from giving bond, the want of property, other than that given to him by the testatrix, to satisfy any decree or judgment rendered against him, and his removal beyond the jurisdiction of the court of personal property, the fund primarily liable for the payment of the legacy—sufficiently show danger of waste, give good cause to apprehend loss, and make a case where the aid of a court of equity may be invoked for the security of the rights and interests of the legatees, and the application of the assets of the estate to the payment of the legacy when it becomes payable—for the enforcement of the trusts devolved on the executor by the will. The averments of the bill might have been more definite and specific ; but no objection was made on this ground, and they are amendable, if amendment be necessary. The appropriate relief—security for the payment of the money into court—may be obtained under the prayer for general relief. The demurrer going to the entire bill, and being insufficient as to its second phase, was properly overruled ; and for the reasons above stated, the plea is also insufficient.

Affirmed.