## WARE & WILSON *vs.* WARWICK.

[UNLAWFUL DETAINER.]

1. *Misjoinder of parties plaintiff; what is, in unlawful detainer.*—Where a complaint in unlawful detainer by two plaintiffs, seeking the recovery of the whole premises detained by a defendant, showed that the two plaintiffs were *each* separately in possession of the tract of land ; that each separately rented his undivided interest in the lands to the same defendant, but at different times and upon different terms ; that the terms of each lease had expired, and that each plaintiff had separately demanded possession of the undivided interest which he had rented to the defendant, and that the defendant refused to deliver possession after such demands,— *Held*, that it was bad, on demurrer, for misjoinder of parties plaintiff.

APPEAL from the Circuit Court of Talladega.
Tried before Hon. CHARLES PELHAM.

Horace Ware and Benjamin Wilson brought their action of unlawful detainer against John F. Warwick to recover possession of lands mentioned in the complaint. The justice of the peace before whom the suit was brought rendered judgment against the defendant, who appealed to the circuit court. In that court the defendant demurred to the

plaintiffs' complaint, for misjoinder of parties plaintiff; the court sustained the demurrer, and the plaintiffs declining to amend or plead over, judgment was rendered against them for costs, &c.; and hence this appeal.

The complaint alleged, in substance, that on the first day of January, 1870, the said plaintiffs were each in possession of an undivided half interest in the land and appurtenances described in the complaint; that on the 2d of January, A. D. 1872, Wilson rented his interest to the defendant at fifty dollars *per month*, revokable at the option of either at the end of any month; that Ware, being so in possession, on the 10th of May, 1870, rented his undivided half of said land to said Warwick for the sum of sixty dollars per month, revokable on notice being given from either party. On the 2d day of June, 1870, Wilson's contract of rent was revoked, and on the 10th day of June, 1870, Ware's contract of rent was revoked. After this, each party demanded his possession of Warwick, who was in possession under his contracts of renting, and it was refused; and thereupon the plaintiffs brought this suit to recover possession of the land.

TAUL BRADFORD, for appellant.
LEWIS E. PARSONS, *contra.*

PETERS, J.—This action is not freed from the rules of law which govern pleadings in other cases.—30 Ala. 572. The statute describes unlawful detainer to be, "where one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney."—Rev. Code, § 3300. This shows that the party who brings the suit must be the party. "lawfully entitled to possession." And upon judgment in his favor, the court must render "judgment with costs, upon which he must issue a writ of execution, commanding the sheriff to restore the plaintiff to the possession of his lands and tenements, according to the complaint."—Revised Code, § 3305. The

Ware & Wilson v. Warwick.

complaint does not show a joint possession, but only a tenancy in common before severance. Such a possession only vests each tenant with a right of restitution of his own possessory interest. This is an interest separate and distinct from the right of the co-tenant. The two are not the same.—Revised Code, § 1582. In such a case, the detainer may be from one tenant, while the other is left in quiet possession of his interest. The contracts of renting show that each party dealt separately with his own possessory interest. When this is so, the damages might be different.—Rev. Code, § 3312. It might also happen that under one lease this remedy would be barred, when at the same time it would be good under the other.—Rev. Code, § 3308. The same pleas could not answer the same complaint, and two judgments would have to be given on the same demand, and these judgments would have to be separate, not only as to the defendant, but as to the plaintiffs also. Wilson could not recover for damages done to Ware's possession, nor Ware for damages done to Wilson's possession. And there could be no joint damages, as the injury is not alleged to have accrued from a joint detention. The complaint does not show such a possession, as the plaintiffs have a right both jointly to be restored to it. Two causes of action are joined in one suit. Each plaintiff is entitled to recover his own possession, but no more. When both can not recover, it is a misjoinder.—Gould. Pl. ch. 4, § 98; Archb. Civ. Pl. 61; 1 Chit. Pl. 188; *ib.* 13, 44, 66, 86, 205; 1 Tidd. Pr. 11, 12, 13, 14, (marg.) and cases there cited. There was, then, no error in sustaining the demurrers by the judgment of the court below.

The judgment of the court below is affirmed.