## BURT v. HARRAH, ADM'R.

65 643
88 7

65 643
d114 616
65 643
124 677

1. **Constitutional Law:** REFERENCE OF CAUSE INVOLVING MUTUAL ACCOUNTS: CLAIM AGAINST ESTATE: RIGHT OF TRIAL BY JURY: EQUITABLE JURISDICTION. When there is great perplexity in the accounts between the parties to an action for the establishment of a claim against an estate, and an examination of the accounts by a jury is impracticable, the cause is a proper one for equitable cognizance, and, under § 2816 of the Code, the court may, on its own motion, refer such a case to a referee to report the testimony, the facts found, and the conclusions of law; and, as § 9 of article 1 of the constitution does not guarantee a right of trial by jury in causes of equitable cognizance, that guaranty is not violated by such reference.

### *Appeal from Jasper Circuit Court.*

### WEDNESDAY, APRIL 8.

THE plaintiff filed a claim against the estate of Titus B. Eldridge, by which he demanded a balance due to him in the sum of $15,728. An answer was filed by the administrator, pleading the statute of limitations as to part of the claim, and a counter-claim in the sum of $2,000, for professional services rendered by decedent as an attorney and counsellor at law, in an action in which plaintiff was a party, and at his request, and for $1,000 for costs advanced and paid in said action at the request of defendant. He also set up a claim for the value of certain cattle and hogs which belonged to the estate of decedent, and which were sold and the proceeds appropriated by the plaintiff, and also a claim for certain other personal property belonging to said estate, which plaintiff appropriated and converted to his own use. The court, upon its own motion, ordered that the issues between the parties be referred to a referee to report the testimony, facts found, and conclusions of law. The defendant excepted to the order, and appeals.

*Cook & Patterson* and *A. M. Harrah,* for appellant.

*H. S. Winslow,* for appellee.

ROTHROCK, J.—Section 2816 of the Code provides that, 'when the parties do not consent, the court may, upon the motion of either, or upon its own motion, direct a reference in either of the following cases: (1) When the trial of an issue of fact shall require the examination of mutual accounts, or when, the account being on one side only, it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account, in which case the referee may be directed to hear and report upon the whole issue, or upon any specific question involved therein. * * *"

The claim filed by plaintiff is in the form of an account. It covers a period of about eight years. The items are so numerous that it requires thirty-eight pages of the abstract to set them out. The charges appear to be for managing gas-works part of the time, and for some kind of office-work, and for carrying on and superintending a farm, and there are hundreds of items of expenditures set out, which appear to have been incurred in connection with these operations. The account is not all on one side. The charges against the estate amount to $25,971.16, and the credits aggregate $10,242.22, and judgment is demanded for the balance as shown by the account.

The answer, among other defenses, sets up a cross-claim for professional services, and for $1,000 costs paid out and expended in connection therewith. The items of costs are not set out, but it is apparent that the claim therefor is in the nature of an account. It is very plain, therefore, that a determination of the case requires the examination of mutual accounts. This is apparent from the account as stated by plaintiff, and from the answer of the defendant. The case, therefore, is within the very letter of the statute.

It is said, however, that a compulsory reference of an action at law is a denial of the right of trial by jury, and that the statute is therefore unconstitutional, if held to apply to actions at law. It is provided by article 1, § 9, of our

constitution that "the right of trial by jury shall remain inviolate." This right of trial by jury does not obtain in cases which are of equitable cognizance. The question, then, is, has a court of chancery jurisdiction of cases like this? In *McMartin v. Bingham*, 27 Iowa, 234, it is held that the statute now under consideration correctly specifies what was of equitable cognizance in matters of account. We think it is very clear that the claim filed and the answer thereto show that there are mutual demands between the parties which will require an examination, and in such cases the issue is one of which a court of chancery always has jurisdiction. 1 Story, Eq. Jur., § 459. It is true, as is said in *Fowle v. Lawrason, Ex'r*, 5 Pet., 495, that "it cannot be admitted that a court of equity may take cognizance of every action for goods, wares and merchandise sold and delivered, or for money advanced when partial payments have been made, or of every contract, express or implied, consisting of various items, on which sums of money have become due, and different payments have been made." But when there is great perplexity in the accounts between the parties, and an examination of them by a jury is impracticable, a court of chancery will exercise jurisdiction. The statement of the account in this case makes it very plain that it would be exceedingly difficult to have an intelligent trial of the issues before a jury. In *Blair Town Lot & Land Co. v. Walker*, 50 Iowa, 376,—a case very much like this,—it was said that a trial before a jury in that case "would be a mockery." In this case, the great length and complicated nature of the accounts are such that it ought not to be submitted to a jury.

AFFIRMED.