THE STATE BANK OF TABOR v. H. G. BREWER, Appellant.

**Evidence:** REFRESHING RECOLLECTION. A cashier of a bank who testifies that he made the entries in the bank books from slips used in the ordinary course of the bank's business, at the time of the transaction in question, and knew them to be correct, may be permitted to refresh his memory therefrom.

**Harmless Error:** TAKING EXHIBITS TO JURY ROOM. While an admission in the pleadings, of the execution of a note sued on does not authorize the court to permit the jury to take the note to their room, unless it is introduced in evidence, yet the fact that it is so taken is without prejudice, where a copy of it is set out in the pleadings which the jury may properly take.

**Appeal:** RECORD BELOW: *Evidence.* The question of the admissibility as evidence, of slips of paper marked as exhibits, is not raised by an abstract showing that "plaintiff's offer in evidence" said exhibits, and that the objection thereto was overruled.

OBJECTION BELOW. The admission of the testimony of a witness who is permitted to use a memorandum to refresh his recollection, is not rendered erroneous because he shows, on cross-examination, that he has no independent recollection of the matters testified to, unless a motion is then made to exclude his testimony.

*Appeal from Fremont District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, JANUARY 21, 1897.

SUIT on two notes, one of two hundred dollars and the other of four hundred and sixty-five dollars. Defendant Brewer admits the execution of the two hundred dollar note as surety, but says that he was released therefrom by plaintiff, in consideration of his satisfaction of a mortgage held by him on the property of the other defendant, Ramsey. He also alleges that the four hundred and sixty-five dollar note had been

executed by Ramsey and accepted by the bank before he (Brewer) signed it, and, therefore, his signature was without consideration; and he also claims that it was obtained by fraud. Trial to jury, verdict and judgment for plaintiff, and defendant Brewer appeals.— *Affirmed.*

*Geo. E. Draper* and *W. E. Mitchell* for appellant.

*Wm. Eaton* and *L. A. Hill* for appellee.

LADD, J.—In the ordinary course of plaintiff's business, memoranda were made on slips of paper at the time of the transactions, and from these slips its books were made up. Hall, the assistant cashier, testified that he made the entries in the books from the slips at the time of the transactions, and knew them to be correct. He was then permitted, over the objection of the defendant, to refresh his memory therefrom, and testify. On cross-examination he stated that he was simply testifying from the record, and not from memory. The ruling of the court, when made, was correct. If it appeared on cross-examination that the witness, after refreshing his memory, could not recall the matters referred to, the defendant might properly have moved that the evidence already given be stricken from the record.

II. The slips relating to the transactions concerning which evidence was introduced, were marked exhibits, and thereafter the abstract shows that "plaintiffs offer in evidence Exhibits 5, 6, 7, and 8," and the objection thereto was overruled. Whether these slips were ever introduced in evidence, or read to the jury, does not appear from the record, and therefore the question of their admissibility as evidence is not raised.

III.   Complaint is made of the action of the court in permitting the jury to take to their room the notes on which the action was brought.   Admitting the execution of an instrument in the pleadings does not authorize the court to allow the jury to take it to their room, unless it has been introduced in evidence.   It is not error, however, for the jury to take with them the 'pleadings, and it is difficult to understand how the examination of the original instruments by the jury, instead of the copies contained in the pleadings, would be prejudicial to either party.   In any event, the defendant in this action was not prejudiced.

IV.   Exception is taken to some of the instructions.   They are considered in the argument as abstract propositions of law, and not in connection with the facts in the case.   As applied to the evidence, they clearly and fully state the law.—AFFIRMED.