## CHAS. MAYO v. GEO. HALLEY, Appellant.

**Actions:** MULTIPLICITY OF ITEMS: EQUITY JURISDICTION. Refusal to
1  transfer to the equity docket, an action for services rendered, expenses incurred and damages suffered, with specific counterclaims for damages by way of tort or breach of contract, was not error.

**Abatement of actions:** ASSIGNMENT OF CLAIM. The assignment of a
2  claim to an attorney, to secure his fees during the pendency of the suit, does not abate the action.

**Amendment:** FAILURE TO FILE. Failure to file an amendment to meet
3  certain evidence, is not ground for the assignment of error, where the court's attention was not called to the oversight and ruling entered.

**Consideration of pleadings by jury.** It is not error to permit the
4  jury to consult the pleadings, when specially instructed with reference to the purpose for which they are permitted to have them, and the issues for their determination are clearly defined.

**Unanswered special interrogatories.** Failure to call attention, at the
5  proper time, to the fact that certain special interrogatories have not been answered by the jury, precludes a consideration thereof on appeal.

**Apportionment of costs.** The discretionary action of the trial court
6  in refusing to apportion the costs will not be interfered with, in the absence of its abuse.

*Appeal from Story District Court.*—HON. J. H. RICHARD,
Judge.

WEDNESDAY, JULY 13, 1904.

ACTION for services rendered and material furnished
under two different accounts, and for damages done to plain-
tiff's crops by defendant's animals; the total of plaintiff's
claims being $521.85, with a credit for house rent and cow
pasture of $238.50, leaving the balance claimed to be due
from defendant to plaintiff $283.35. Defendant denied
plaintiff's claim *in toto,* and interposed six separate counter-
claims, in the total amount of $1,633. In the answers to
special interrogatories, the jury fixed the amount which
plaintiff was entitled to recover on his three counts at
$491.38, and the amount to be allowed defendant on his
various counterclaims at $45, and they rendered a general
verdict for plaintiff against defendant in the sum of $134.38.
Judgment was entered against defendant in favor of plaintiff
for the amount fixed in the general verdict, and the defend-
ant appeals.—*Affirmed.*

*J. F. Martin* and *B. B. Welty,* for appellant.

*D. J. Vinje,* for appellee.

McCLAIN, J.— Counsel for appellee has filed an
amendment to appellant's abstract, but has not favored us
with any argument, and we have been compelled to examine
the abstract and the amendment thereto with considerable
labor, to discover matters which could easily have been
called to our attention by counsel. The case is complicated,
because it involves conflicting testimony about a great num-
ber of small items of account, and claims for damages to
crops, which, in the very nature of things, are always diffi-
cult to establish by satisfactory evidence. We have carefully
gone over the entire case, but shall refer only to such of the

questions discussed by counsel for appellant as seem to be of sufficient importance to require notice. It will be impossible, without extending the opinion to unreasonable length, to discuss every question made in the argument on the thirty-four assignments of error. Counsel for appellant has exonerated the trial judge and the jury from any intentional wrongdoing, in reaching what he believes to be an unjust judgment, attributing such result to the complicated mass of details which were presented by the evidence on the trial.

Counsel for appellant attributes the unfortunate result of the trial, so far as his client is concerned, to the action of the trial judge in overruling a motion to transfer the case to the equity docket, on the ground that the multiplicity of plaintiff's claims and causes of action and defendant's counterclaims rendered it impossible to fairly present the case to a jury, and this complaint is reiterated in various paragraphs throughout his argument. It is to be confessed that there is some force in the contention that the case was not one easily triable to a jury. If the action had been for balance due on mutual account of charges and credits, it perhaps should have been tried in equity, under the authority of *Burt v. Harrah,* 65 Iowa, 643, and *Blair Town Lot & Land Co. v. Walker,* 50 Iowa, 376. But the items for which plaintiff seeks to recover are simply items of charges for services rendered and expenses incurred and damages suffered, while the various counterclaims relate also to specific claims by defendant against plaintiff for damages by way of tort or breach of contract; and there seems to be no sufficient reason why each of the particular claims and defenses to which the testimony of the witnesses relates is not proper for the consideration of a jury. We do not understand that the fact that many separate items of claim are presented in one action necessitates the transfer of the action to the equity docket. *Galusha v. Wendt,* 114 Iowa, 597, 616. We are not prepared to say that, had the trial court transferred the case,

1. MULTIPLICITY OF ITEMS: equity jurisdiction.

and submitted it to a referee, we would have held such action to be erroneous. But we are not inclined to the conclusion that the submission of the case to a jury constituted error requiring a reversal, and we are the more inclined to sustain the action of the trial court because, if the case had been tried in equity, either by the judge for himself, or with the assistance of a referee, the whole mass of evidence would have been dumped into this court, without any possibility of assistance from the findings of the trial judge or referee as to the conclusions of fact established by the evidence. So long as this court is required to try equity cases *de novo*, without possibility of assistance from the trial judge or a referee, it will be inclined to favor the trial of cases in the lower court at law, rather than in equity. The jurors were probably just as able to unravel the intricacies of the evidence submitted with reference to the various claims and counterclaims as the judges of this court would have been, had the case been tried in equity, and appealed for determination here *de novo*.

Error is assigned on the action of the trial court in entering up judgment in favor of the plaintiff notwithstanding an assignment made pending the trial of plaintiff's claim to his attorney. The thought of counsel seems to be that after the assignment the case should have been prosecuted in the name of the attorney as substituted plaintiff. But this is not the provision of the statute. A transfer of interest during the pendency of the action does not abate the action. Code, section 3476. And it may be prosecuted to judgment in the name of the original plaintiff. *Emerson v. Miller*, 115 Iowa, 315. Especially is this true where, as in the case before us, the assignment is expressly by way of security to the assignee, who is the attorney of the party, for his fees. There was no error in continuing the case in plaintiff's name, and rendering judgment in his favor, notwithstanding the assignment.

2. ABATEMENT OF ACTIONS: assignment of claim.

Certain evidence of items of claim in behalf of plaintiff was admitted on the promise of plaintiff's counsel that he would subsequently file an amendment to the petition covering such items, and counsel for defendant now

**3.** AMENDMENT: failure to file. complains that no such amendment was subsequently filed, and therefore that the evidence was improperly received. But as the attention of the court seems not to have been subsequently drawn in any way to the failure to file an amendment which should render the evidence competent, we think that no assignment of error can be properly predicated on the action of the trial court in receiving the evidence, or in failing to exclude it when it appeared that no amendment had been filed. Counsel should have called the court's attention to the matter and secured a ruling. Indeed, much of the argument of appellant's counsel is taken up with discursive criticism of the action of the trial court, and complaint as to the injustice of the verdict, without pointing out any specific errors on the part of the court, or misconduct on the part of the jury. We cannot, of course, follow counsel in such discussion. We can only rule on exceptions taken to specific rulings, for this court is, in the trial of law cases, only a court for the correction of errors.

Many objections are urged to specific rulings as to the admission or exclusion of evidence, but, after a careful examination, we have reached the conclusion that no prejudicial error in this respect was committed. It will be impossible to set out in detail the objections made, and point out how, in view of the record before us, the necessary conclusion is reached that no sufficient reason for reversal is shown.

With reference to the instructions, it is first contended for appellant that the jury was in some way referred to the

**4.** CONSIDERATION OF PLEADINGS BY JURY. exhibits attached to plaintiff's petition, and permitted to consider them in reaching a verdict. But the court specifically directed the jury that, while they would have the pleadings before them in the

jury room, all claims made therein by either party, not submitted by the instructions, were withdrawn from their consideration, and that they were permitted to have the pleadings, not for the purpose of finding what the issues were, but only that they might get the narrative statement by the parties of such .of their claims as were by the instructions submitted to the jury for consideration, and they were cautioned that the pleadings were not evidence for either party. It has been expressly held in several cases that it is not error to allow the jury to take the pleadings with them to the jury room. *McGinty v. Keokuk*, 66 Iowa, 725; *Dorr v. Simerson*, 73 Iowa, 89; *State Bank v. Brewer*, 100 Iowa, 576. Although this practice is perhaps not to be commended, we think the jury were properly cautioned against making any improper use of the pleadings, and that there was no error in the instruction given in this respect. So far as we can see, all the issues raised by the pleadings, with reference to which there was any evidence to be considered by the jury, were properly submitted.

Many other complaints are made of the instructions, but on examination of them we find no error. .Indeed, we think that the trial court took great pains in presenting to the jury the numerous issues raised by the pleadings and the evidence, and submitted them in such manner that the jury could not, as reasonably intelligent men, have failed to understand the very point to be decided.

Eleven special interrogatories were submitted to the jury for answer, but no answers were made to the last three of them. If counsel for defendant desired to have these three interrogatories answered, he should at the

**5. UNANSWERED SPECIAL INTERROGATORIES.** proper time have asked the court to require such answers to be made. Having failed to complain at the proper time, he cannot now be heard to ask a reversal of the judgment on account of failure to answer such interrogatories. It may well be suggested that the three unanswered interrogatories related to matters which the jury

may not have taken into account in the rendition of their general verdict.

The trial court was asked to apportion the costs, but refused to do so, and directed that the entire costs be taxed to the defendant. The matter of apportioning costs is so far within the discretion of the trial court that we

**6. APPORTION-MENT OF COSTS.** would not be justified in interfering unless it is clear that the court's discretion has been abused. In this case plaintiff was allowed to recover under each count of his petition, and, while there was an allowance to defendant of various items of . counterclaim, it does not appear that any costs were incurred in proving the items of counterclaim which would not have been incurred, had no counterclaim been interposed. So far as we can see, all the witnesses who testified would have been called to testify .in support of or in resistance to plaintiff's claims, had no coun- terclaim been interposed. We are not disposed, therefore, to interfere with the ruling of the trial judge as to the taxation of costs.

On the whole, we are satisfied that no prejudicial error was committed, and the judgment of the trial court is AF- FIRMED. .