RHODES *v.* PURVIS.

Opinion delivered February 11, 1905.

LEASE—CONSTRUCTION.—Under a lease which stipulates that the tenant's occupancy shall commence as soon as the premises shall be vacated by the present occupants, the tenant is not entitled to possession so long as the occupants hold over against the landlord's will.

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

### STATEMENT BY THE COURT.

On the 4th day of February, 1902, H. E. Rhodes was the owner of a hotel building in the town of Stuttgart, Ark., known as the Clarksville House. About two years previously he had rented this building to Mrs. Malin for two years with privilege of renewal, but she was in arrears as to the payment of the rent. Rhodes on that account was of the opinion that she had forfeited her contract, and he entertained a proposition from Walter M. Purvis to rent the building, and entered into the following contract with him, towit:

"Stuttgart, Ark., February 4, 1902.
"Know all men by these presents:

"That W. M. Purvis, party of the first part, and H. E. Rhodes, party of the second part, do this day enter into the following agreement. The party of the first part agrees to occupy or rent from the party of the second part the building located in lot 1, block 1, Mahle's addition to Stuttgart, and to use the same

for hotel purposes for the term of one year from the date of occupancy, which shall commence as soon as vacated by the present occupants, for which the party of the first part agrees to pay $38.33 1-3 per cent. per month inside of the first five days of each month of said occupancy. If, at the expiration of one year from date of occupancy, said party of the first part still wants to occupy said property, the above contract as to rental shall hold good, except that the amount per month shall be reduced to $30 per month for the term of two years. Said party of the first part agrees to replace all broken glass, which shall be broken while in his possession, and otherwise take good care of the premises. The party of the second part agrees to make such repairs as occasioned by natural wear and tear, and which may from time to time be demanded.

"Walter M. Purvis,<br>"Party of the first part.<br>"H. E. Rhodes,<br>"Party of the second part."

Purvis at first objected to the words in the contract to the effect that his occupancy of the building should commence "as soon as vacated by present occupants." But Rhodes insisted on the contract as written, stating that he could not say for certain when the parties who then had possession would vacate, but thought that he could get them out in a few days, or as soon as he could serve a summons upon them, though he said that it might be thirty days before he could get them out. Rhodes afterwards brought an action of unlawful detainer against Mrs. Malin, but she paid up the past due rents, and insisted on her right to hold the premises under the contract; and Rhodes, under the advice of his attorney, dismissed his action, and permitted her to continue in posession.

Shortly afterwards Purvis brought this action against Rhodes for the failure to put him in possession of the hotel. He alleged that the "defendant was to deliver possession of the hotel premises within a reasonable time from the date of the contract," and that he had failed to do so, and he asked judgment for $1,000 as damages for breach of the contract.

Rhodes filed an answer, in which he admitted the contract, but denied that he had agreed to deliver the possession of the hotel within a reasonable time, but alleged that he only agreed to

deliver possession when the present tenant vacated the premises, and that "said tenant has not yet vacated the premises, and that there has been no breach of the contract on the part of the defendant.

On the trial the presiding judge was requested by defendant to instruct the jury that, if the tenant occupying the hotel at the time of the contract had not vacated the premises, plaintiff could recover nothing. The judge refused to so instruct, but told the jury that the contract provided that plaintiff should have possession of the hotel "as soon as vacated by the present occupants," and that the words "as soon as vacated" were indefinite and uncertain, and he left it to the jury to determine from the evidence whether the intention of the parties was that possession should be delivered within a reasonable time, and instructed the jury that, if such was the meaning of the contract, they should find for the plaintiff; otherwise, they should find for defendant.

The jury found in favor of the plaintiff, and assessed his damages at the sum of $175. Judgment was rendered against the defendant for that sum, and he appealed.

*H. A. & J. R. Parker,* for appellant.

Contracts are construed so as to give force and effect to all of their parts. 41 Ark. 495. A court will not reform a contract where there is a mistake of law as to the effect of the language used. 46 Ark. 167; 49 Ark. 425. Mistakes to be corrected must be mutual. 26 Ark. 28. Where a contract contains no ambiguity, oral testimony is not admissible to explain or prove it. 4 Ark. 179; 5 Ark. 651, 657; 29 Ark. 544; 24 Ark. 210; 25 Ark. 156; 21 Ark. 69; 25 Ark. 191, 309; 30 Ark. 186; 33 Ark. 150; 45 Ark. 177; 71 Ark. 614. The nonpayment of rent is no cause for the forfeiture of a lease, unless it is expressly so provided. 41 Ark. 532; Wood, Landlord & Tenant, § § 506, 540.

*Lewis & Ingram,* for appellee.

Where the contract is ambiguous or uncertain, parol evidence may be introduced. 2 Am. & Eng. Enc. Law, 294; 1 Greenleaf, Ev. § 282; 70 Ark. 232; 66 Ark. 393; 66 Ark. 445; 65 Ark. 51; 6 L. R. A. 33; 80 Pa. St. 364.

RIDDICK, J., (after stating the facts.) The defendant was the owner of a hotel which plaintiff agreed to rent for "one year from the date of the occupancy," which the contract provided should commence as soon as vacated by the present occupants. The evidence shows very clearly that both plaintiff and defendant believed that the occupants referred to in the contract would either abandon the premises of their own volition or be put out under process of the court. But, contrary to expectations, they refused to get out, and resisted the efforts of the defendant to put them out, and for this reason the hotel was never delivered to plaintiff, and he brought this action against the defendant to recover damages. The decision of the case turns on the meaning of the contract upon which plaintiff rests his right to recover damages. As before stated, it provided that the occupancy of the plaintiff should "commence as soon as vacated by the present occupants." The circuit judge was of the opinion that this language in reference to the commencement of the occupancy of plaintiff was indefinite and uncertain, and he left it to the jury to determine its meaning from the oral testimony in the case. But it seems to us that there is nothing uncertain or indefinite about this language. The time when the occupancy of the plaintiff was to begin was uncertain, for that occupancy depended upon the action of the parties who then occupied the premises, but the meaning of the contract in reference to that matter is about as clear and explicit as language can make it. The contract in form is unilateral, for the defendant did not expressly agree to rent the property to the plaintiff. The plaintiff agreed to rent the property from him, but the date of the rental was made to commence with the date of the occupancy, and that occupancy, the contract expressly stated, should commence as soon as the property was vacated by the occupants who then held possession.

It is a familiar rule that written contracts cannot be contradicted or changed by parol evidence. There is nothing here to support the contention that plaintiff was imposed upon or deceived by the defendant. Defendant informed plaintiff of the contract he had made with the occupants then in possession of the property; but he was of the opinion that such occupants had, by failing to pay their rent, forfeited the right to hold the premises longer, and he so informed plaintiff. He was, no doubt, honest in this opinion, but he was prudent enough not to commit himself to

it in making his contract.  Plaintiff, before signing the contract, requested the defendant to make it more specific as to the time when possession should be delivered, but he declined to do so, and the contract was signed as written.  As before stated, we see nothing in it doubtful or uncertain, and we see no reason why the jury should have been required to determine its meaning.  As the occupants in possession of the hotel at the time the contract was executed have never vacated it, the time for plaintiff's possession had not arrived when the action was commenced, and he showed no breach of the contract on the part of the defendant.

The undisputed facts show that plaintiff made out no case for damages.  The judgment is therefore reversed, and the action dismissed at the cost of plaintiff.