J. W. WILLIS v. MARTIN WEEKS, JOHN WEEKS, HOMER WEEKS, Appellants.

Landlord and tenant: NOTICE TO QUIT. A notice to quit the possession of premises, signed by one of the grantees who are entitled to the possession under a contract of sale, is sufficient.

Action of forcible entry and detainer. One of several tenants in common can maintain an action of forcible entry and detainer. and the admission of oral evidence that one of the plaintiffs had transferred his interest in the premises was without prejudice, in the absence of such a showing.

**Evidence:** REVIEW ON APPEAL. Where the admission of a contract in evidence was objected to, but it did not appear from the record whether it was subsequently introduced or read, the question of its admissibility cannot be raised on appeal.

**Estoppel.** Where defendants in an action for forcible entry and detainer unequivocally assert, in the trial court, the plaintiff's ownership of the premises they cannot deny it on appeal.

**Written lease:** CONSTRUCTION: PAROL EVIDENCE OF INTENT. A lease " for one year and the privilege of four years," means a term of one year and at the election of the lessees may be for four, and there is no such ambiguity as will admit of parol evidence in explanation of the intent of the parties with respect thereto.

*Appeal from Wapello District Court.*— HON. FRANK W. EICHELBERGER, Judge

TUESDAY, FEBRUARY 6, 1906.

ACTION of forcible entry and detainer. The defendants were found guilty in the justice court, and upon appeal this finding was affirmed. They appeal.— *Affirmed.*

*A. W. Enoch* and *Jaques & Jaques,* for appellant.

*Work & Work,* for appellee.

LADD, J.— Mrs. Dickens was owner of two hundred and four acres of land, and on the 26th day of September, 1899, entered into a written lease with defendants, by the terms of which they agreed " to take the farm of Margaret Dickens for one year and the privilege of four years, at $500 per year." Thereafter Mrs. Dickens died, and the property was conveyed by the executor of her estate to Conrad Williams, by him to Emmet Work, and the latter sold the same by contract to J. W. and Orval Willis on September 2, 1902. These transfers were subject to the lease. On February 28, 1904, notice to quit the premises March 1st following, signed, " J. W. Willis, by Work & Work, Attorneys, Emmet A. Work, Owner of the Legal Title," was served on defendants, and as they did not yield possession on the day designated

this action was begun. Trial resulted in the removal of defendants, and the judgment was confirmed upon appeal to the district court.

I. Appellants contend that the notice to quit was defective, in that it was signed by the owner of the fee, rather than the purchaser from him under the contract. It was signed by both. If either signature was unnecessary, it was merely surplusage. As the contract was one of sale, not executory merely, under which the purchasers were entitled to possession, the notice was properly signed and caused to be served by one of them only.

1. LANDLORD AND TENANT: notice to quit.

II. Oral testimony that Orval Willis had transferred his interest in the contract to plaintiff was received over objection. If the ruling be conceded to have been erroneous it was without prejudice; for, in the absence of such a showing, plaintiff and his son, Orval Willis, were tenants in common (section 2923 Code), and it is well settled that one of several tenants in common can maintain an action of forcible entry and detainer. The possession of one tenant in common is presumed to be in support of the common title of all, and, if one is restored to possession, such possession is that of his co-tenants, as well as of himself. The action is purely possessory, save when a paramount title is pleaded, in pursuance of section 4216 of the Code; and as a tenant in common is entitled to possession of the whole, as against a stranger to the title, he is authorized to maintain the action. The unlawful detention is a wrong to each and every person from whom possession is forcibly detained. The wrong to one is not lessened by that to others; nor should one be precluded from redress, though others, who may have been injured in like manner, do not choose to join him in the action. *Jones v. Phillips,* 10 Heisk. (Tenn.) 562; *Mason v. Bascom,* 3 B. Mon. (Ky.) 269; *Ware v. Warwick,* 48 Ala. 295.

2. ACTION OF FORCIBLE ENTRY AND DETAINER.

III.   The plaintiff testified that he had a contract for the sale of the land.   It was then offered in evidence.   He was then asked if he was one of the owners, and, though ob-

**3. EVIDENCE:** review on appeal.

jection to the question was sustained, answered, "I am."   He then testified that he was the party named therein.   The objection was then made that the contract was not acknowledged, and was incompetent evidence as between the parties.   This was overruled.   Whether the contract was subsequently introduced or read in evidence is not disclosed by the record, and for this reason the question of its admissibility was not raised.   *State Bank of Tabor v. Brewer,* 100 Iowa, 576.

At any rate, defendants moved that a verdict be directed in their favor on the ground that " the evidence showed that J. W. Willis and Orval Willis were owners of the land at

**4. ESTOPPEL.**

the time the notices to quit were served," and this was subsequently renewed on the same ground.   Having unequivocally asserted their ownership in the trial court, appellants are not in a situation to deny it upon appeal.

IV.   Evidence was offered by defendants tending to show that in executing the lease the parties thereto understood that lessees were to have the privilege of continuing in

**5. WRITTEN LEASE:** construction: parol evidence of intent.

possession thereunder five years.   This was received over objection and subsequently stricken out.   The last ruling was correct.   The language " for one year and the privilege of four years " is not ambiguous or of doubtful interpretation.   It means that the term is for one year, but, at the election of lessees, may be for four years.   The particle " and," as contended by appellants, indicates the relation of connection or addition.   *Beedy v. Finney,* 118 Iowa, 276; *O'Brien v. Carson,* 42 Iowa, 553.   So construing it, the defendants, in addition to a term of one year, were given " the privilege of four years "; that is, they might elect to extend the term to four years.   We have discovered no case on " all four " with

this; but expressions in text-books and decisions may be found treating like clauses, where the word " with " is used, instead of " and," in harmony with our conclusion.    *Mershon v. Williams,* 62 N. J. Law, 779 (42 Atl. 778); *Webb v. Bailey,* 17 Ky. Law, 1117 (33 S. W. 935; 1 Wash. on Real Prop. 471.)    In the connection employed, the insertion of " with " in place of " and " would not change the meaning. See 30 Am. & Eng. Ency. of Law (2d Ed.) 891.    With either, the option of four years instead of one would be given.    We do not think the language fairly susceptible of different meaning, and for this reason oral evidence of what the parties might have intended was inadmissible.    See *Peterson v. Modern Brotherhood of America,* 125 Iowa 562. — *Affirmed.*