In the Matter of the Application of the HOME INSURANCE COM-
   PANY for an Order Confirming the Award on Arbitration between
   HOME INSURANCE COMPANY and ROSSIA INSURANCE COMPANY
   OF AMERICA and UNION RESERVE INSURANCE COMPANY.

Supreme Court, New York County, January 2, 1926.

Arbitration — reargument of motion to confirm umpire's award — claim
   made that opinion of court incorrectly recited parties had waived
   possible defect that neither arbitrator concurred specifically in award —
   letter written by one arbitrator does not affect award as actually made
   — motion denied.

A motion for the reargument of a motion to confirm an umpire's award on the
   ground that the court incorrectly stated in its opinion that the parties had,
   on argument, waived a possible technical defect that neither arbitrator con-
   curred specifically in the award of the umpire should be denied, where, as a
   matter of fact, the matter specifically waived was that neither arbitrator signed
   the award but concurred in it by letter, for the reason that the letter in question
   does not affect the award as actually made, which was not ambiguous and was
   concurred in by two arbitrators, but was merely an expression of opinion by
   one of them.

APPLICATION for reargument of motion to confirm arbitration award.

*Rumsey & Morgan* [*David Rumsey* of counsel], for Home Insurance Company.

*Cabell, Ignatius & Lown* and *Davis, Polk, Wardwell, Gardiner & Reed* [*John W. Davis, Hartwell Cabell* and *Wallace T. Stock* of counsel], for Rossia Insurance Company and Union Reserve Insurance Company.

PROSKAUER, J. Reargument is asked on the ground that in my opinion (126 Misc. 300) I incorrectly stated that the parties had waived on argument a possible technical defect that neither arbitrator concurred specifically in the umpire's award. It is stated that the matter specifically waived was that neither arbitrator signed the award, but concurred in it by letter, and that for that reason I should consider the letter of Lyman Candee, dated December 30, 1924, which concludes with the words: " I concur in the award," but in the earlier portion gives a different interpretation to the award from the one found by me. The consideration of this letter, however, would not, I think, change the situation. The arbitrator Sumner Ballard specifically concurred in the award without qualification. There was no adoption by the umpire of Mr. Candee's interpretation of the award. His only possible reference to it is in the letter of January 2, 1925, addressed to both arbitrators, concluding with the words: " I am pleased both parties concur in my findings." Even if Candee's letter were given full consideration, therefore, it cannot affect what I regard as the real meaning of the award. It is concurred in by Ballard and Lock. I do not regard the award as an ambiguous document. It may be difficult to construe and interpret, but it is in no sense legally ambiguous. (*Crown Corset Co.* v. *Baumann & Co.*, 213 App. Div. 113; affd., without opinion, 241 N. Y. 606; *Bernstein* v. *Smith*, 119 Misc. 34; affd., 205 App. Div. 880; *Marrotto* v. *McCotter*, 85 N. Y. Supp. 431; *Willis* v. *Weeks*, 129 Iowa, 525; *Rhodes* v. *Purvis*, 74 Ark. 227; *Castleman* v. *Du Val*, 89 Md. 657; *Farmers Loan & Trust Co.* v. *Park & Tilford*, 127 Misc. 59.) If it were regarded as ambiguous, however, and open to interpretation by the aid of Candee's letter, there is nothing to indicate that either Ballard or Lock placed the same construction upon the award as was expressed by Candee.

The other points raised seem to me to require no further consideration than that heretofore given in my opinion.

Motion for reargument denied. Order signed.