EDGAR S. PRICE, by His Next Friend, Appellant, v. SAMUEL BALDAUF.

Easement in Joint Hallway: EXTENT OF RIGHT.  Plaintiff's two-story building, eighty feet deep, and defendant's, one hundred feet deep, adjoined.  In pursuance of an agreement, plaintiff built a party wall, and defendant a hall, on the second floor of his building, "running to rear end of building, with door in said rear end of hall," for their joint use, and, though the agreement did not, in terms, require it, a back stairs connected with the rear doors, which stairs the parties used jointly.  Subsequently, defendant extended his building for twenty-five feet.  *Held*, that he was not bound to extend the hall through the addition with rear door and stairs, but that a door placed eighty feet from the front of the buildings into a space the width of the hall, from which space another door opened through the party wall, enabling plaintiff to reach the ground from the rear end of his building, was sufficient.  (2)

Abatement: PRACTICE ON APPEAL.  An appeal will not be dismissed for a change in interest which is less than a transfer of all interest.  Code, 2561 and 3212, construed.  (1)

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

THURSDAY, FEBRUARY 1, 1894.

ACTION in equity for a mandatory injunction. There was a hearing on the merits, and a decree from which plaintiff appeals.—*Affirmed.*

*John F. & W. R. Lacey* for appellant.

*John Q. Malcolm* and *Seevers & Seevers* for appellee.

ROBINSON, J.—In the year 1874, Henry Price and Boyer & Barnes owned adjoining lots in the city of Oskaloosa.  Each was one hundred and twenty feet in length from east to west; that of Price was twenty feet wide, and that of Boyer & Barnes was twenty-eight feet wide, and north of that of Price.  The owners

proposed to improve their respective lots, and, with that in view, entered into an agreement, in writing, of which the following is a copy:

"This agreement, made and entered into by and between Boyer & Barnes of the first part, and Henry Price of the second part, witnesseth: That party of the first part agrees to construct a stairway on south side of their lot, on the west side of the public square, in the city of Oskaloosa and county of Mahaska, Iowa, at least fifty-two inches in the clear, with hall on second floor running to rear end of the building, with door in said rear end of hall. Second party, for the use of said hall and stairway jointly with party of first part, agrees on his part to build the middle wall of good stone foundation, and thirteen-inch brick wall two stories high, for eighty feet, and twenty feet more one story high, said wall to be built half on each party's ground, and to be owned jointly by said parties; and party of second part further agrees to pay half the cost of tin roofing over the said hall, and to put good iron doors on each opening that he may make in said partition wall. It is further agreed that, after the completion of said stairway and hall, each party shall pay half the expense of keeping said stairway and hall in repair.

"Dated, Oskaloosa, Iowa, April 14, 1874.
                              "BOYER & BARNES.
                              "HENRY PRICE.
"C. G. BYRAM, Recorder."

A building was erected on each lot, and Price complied with the requirements of the agreement on his part, paying all the cost of the party wall for eighty feet in length, and for one half of an additional twenty feet. The buildings erected were two stories in height, and one hundred feet in length. A front stairway was constructed by Boyer & Barnes, and a hallway was extended from it westward to the end of their building.

In the wall at the west end of the hall was placed a door with a transom. An outside stairway was constructed from the door westward to the surface of the Boyer & Barnes lot. At the height of about five feet from the ground, a platform was built in the stairway, from which Price made a short stairway to his lot. The second stories of the two buildings were divided into office and other rooms which opened into the hall, and the stairways were designed for the use of the occupants of the rooms, especially to enable them to reach certain outbuildings, which stood on the west ends of the lots. The door was used to reach the stairways, and to furnish ventilation and light. Price fulfilled the requirements of the agreement on his part, although he contributed nothing to the main outside stairway. In the year 1888, the defendant purchased the Boyer & Barnes lot, and also the one on the north side of it, and took possession of the property in the latter part of the year 1889. He then commenced to make extensive changes, adding twenty-five feet to the Boyer & Barnes building, making it of the same length as the one north of it, took out the partition wall, making the building into one, and removed the partitions between the rooms, converting each story into one room. At a point in the hall eighty feet from the front end of the building he placed a door, which opens into his room, but is kept closed, and is of no value, as now used, to the Price building. He connected the two stories of his building with an inside stairway placed opposite the door, and constructed a chimney at the south wall, a few feet from its west end, which projects about two feet into the space which the hall would occupy if extended. The changes which he has made cost about ten thousand dollars, and he is now occupying his rooms with a stock of merchandise which is worth about one hundred and fifty thousand dollars. Before he commenced the changes he endeav-

ored to arrange with plaintiff to cut off the hall eighty feet from the front, and construct a sufficient skylight to furnish ventilation and light for the hall, but failed. He commenced the work on his buildings, however, and the plaintiff then brought this action to restrain the defendant from closing the doorway in the rear end of the hall, from cutting off any part of the hall, and from interfering with the light and ventilation. The defendant answered the petition filed, and an application for a temporary injunction, supported by affidavits, was made by the plaintiff, and overruled by the district court. From that order the plaintiff appealed to this court, and the order was reversed. See *Price v. Baldauf*, 82 Iowa, 670, 46 N. W. Rep. 983, and 47 N. W. Rep. 1079. When the action was commenced, defendant had made the excavation for the extension of the Boyer & Barnes building, had taken out the rear wall of that building, had constructed a portion of the addition, and had commenced the flues for a heating apparatus, but the larger part of the changes were made after the former appeal was taken. After that was determined, and the cause was remanded for further proceedings, the plaintiff, by amendments to his petition, alleged, that, after the action was brought, the defendant removed the stairway and door, and closed the hall, and asked that the defendant be required to open the hall to the end of the building as extended, and remove obstructions therefrom, to place a stairway at the west end of the hall, and to make a suitable opening in the west wall for light and air, and that a door and transom be placed at the west entrance of the hallway. Upon final hearing, the district court confirmed the right of plaintiff to a front stairway and hall extending to a point eighty feet from the front of the building, and required the defendant to construct a door with a transom at that point, which the plaintiff should have a right to use for entrance into a space of

fifty-two inches beyond the door, and required the defendant further to open a door from that space through the party wall. The plaintiff was required to place good iron doors in the openings through that wall.

I.    The appellee has filed a motion asking that the appeal be dismissed on the ground that, since it was taken, the plaintiff has sold his building and interest in the hall to the Oskaloosa Savings Bank. The bank has appeared in this court, and asked that the appeal be prosecuted to a final decree. It is shown that plaintiff has agreed to sell the property described to the bank, but it has not been conveyed; ten thousand dollars of the purchase price remain unpaid, and the title is retained by the plaintiff as security for the amount due him. It is to his interest to preserve the property from loss, and to protect the appurtenances belonging to it. He may do that by prosecuting to a conclusion the action he commenced for that purpose when he was the unqualified owner of the property. Section 3212 of the Code, relied upon by the appellee, does not apply to this case, for the reasons stated. Section 2561 of the Code provides that "no action shall abate by the transfer of any interest therein during its pendency." There has been a change of interest in this case since it was commenced, but not a transfer of all interest. Enough is retained to support the action to a final termination. The motion to dismiss is overruled.

II.    The appellant contends that the decree rendered by the district court is not in harmony with the opinion of this court announced on the former appeal. That was rendered on the facts as then shown to us, but the right to a permanent injunction on a final hearing was not adjudicated. We are now required to determine the rights of plaintiff on the facts as shown by the evidence submitted on that hearing. When

defendant purchased the Boyer & Barnes property, the plaintiff was in possession of all the rights conferred upon him by the agreement in controversy, and defendant acquired his title with constructive, if not actual, notice of them, and subject to them. The improvements he has made are extensive, and designed to systematize and facilitate the transaction of a large business; but they were made with knowledge of the fact that plaintiff was seeking, by legal means, to protect his interests in the hall and its appurtenances. It was said on the former appeal that the contract in suit gave to the plaintiff the right of passing into and out of the hall through a door in the rear end, and that to place a door eighty feet from the front end would not comply with the terms of the contract. It does not appear to us that the obtaining of light for the hall was considered of much importance by the parties to the agreement. Light is not mentioned in it. The primary use of the door is not to furnish light, and the agreement did not provide for a transom or glass in the door, but it could have been completed without either. The door placed in the hall contained no glass. That in the transom was about two by three feet in size. The doors opening from the hall to the rooms of plaintiff were two in number, the most westerly one being within sixty feet of the front end of the building. A transom sixty feet west of that at the end of a hall fifty-two inches in width would afford but little light at the doors of plaintiff. The agreement did not, in terms, require Boyer & Barnes to furnish a back stairway, and the one they built was chiefly for their own use, although Price was permitted to use it in connection with a shorter stairway of his own. But we find nothing in the agreement, nor in the construction indicated by the acts of the parties to it, which required Boyer & Barnes to furnish a stairway at the west end of the hall for the use of Price. It was his right to have a doorway at that end of the

hall, and a stairway to use in connection with it. Boyer & Barnes extended the hall twenty feet further than they had intended to do, and constructed an outside stairway which led from it, and Price was permitted to use both the extension and stairway. No other outlet at that end of the hall was furnished him, and he was entitled to use the only one made. But the defendant had a right to extend his building to the alley in the rear, although he could not have constructed a stairway in the alley without authority therefor from the city. We do not think it can be said, from the showing now made, that the contract gave to Price the absolute right to have the hall extended to the west end of the building, wherever it should be placed, to have a doorway in the end of the hall, and to have a stairway therefrom to the ground. The contract was designed to afford him a direct way from the western part of the hall to the rear end of his lot. The second story of his building, as we now understand the record, is but eighty feet in length. If the decree of the district court is carried into effect, it will give to the plaintiff a passageway from the hall onto his own premises, and will enable him to provide means for reaching the ground, if he desires them. The openings to be made will furnish the ventilation which he asks. The changes which he demands would cost the defendant about four hundred dollars, besides interfering seriously with the arrangements he has made for carrying on his business. There is nothing in the situation of plaintiff to justify placing such a burden upon the defendant. The decree of the district court gives to the plaintiff substantially all he is entitled to demand under the agreement, and effects justice between the parties. It is, therefore, AFFIRMED.