(5 App. Div. 273.)

### PEOPLE v. COMMERCIAL ALLIANCE LIFE INS. CO.

### BAHLKE v. GILBERT.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

1. CORPORATIONS — APPOINTMENT OF RECEIVER — EFFECT ON PENDING ACTION.
   The appointment of a temporary receiver in proceedings to dissolve a corporation does not affect an action pending against the corporation, and a judgment duly entered therein is conclusive against the receiver.

2. EVIDENCE—JUDGMENT OF FOREIGN COURT.
   The validity of a foreign judgment against a domestic corporation is sufficiently established where the exemplified copy of the record in the action shows that defendant appeared by attorney, though the exemplified copy of the judgment offered in evidence does not recite the appearance of defendant in the action.

Appeal from special term, New York county.

Proceeding for the dissolution of the Commercial Alliance Life Insurance Company. A claim was presented by William A. Bahlke to William T. Gilbert, receiver of the company. The claim was rejected by the receiver, and the matter was referred to a referee, who allowed the claim. From an order overruling the report of the referee the receiver appeals. Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Henry D. Hotchkiss, for appellant.
Henry B. Corey, for respondent.

INGRAHAM, J. The referee correctly found, we think, that this judgment obtained against the Commercial Alliance Life Insurance Company was a valid judgment, and conclusive against the company. The judgment was entered in the circuit court of Gratiot county, Mich., on the 5th day of December, 1894, in an action duly pending in that court, the defendant having appeared in that action, and answered the complaint. The only ground upon which the appellant seeks to impeach the conclusiveness of that judgment (the evidence being that such court was a court of general jurisdiction having jurisdiction of the subject-matter of that action) is that on the 25th

day of October, 1894, an order had been made in this action appointing the temporary receiver of this corporation. The action in which the receiver was appointed was brought to dissolve the corporation, but such corporation could only be dissolved by the final judgment of the court, and the order appointing the temporary receiver had no effect upon the life of the corporation, or its ability to sue or liability to be sued. Until such corporation was actually dissolved by judgment, it continued in existence, with the same powers and subject to the same liability as before the appointment of the temporary receiver, except so far as a court could, in the exercise of its equitable jurisdiction, restrain the corporation in the exercise of such power. There was nothing to prevent a creditor who had an action pending against the corporation from proceeding in that action, unless he was restrained by an order of the court from doing so; and such a restraining order would not affect him until it was served upon such creditor. Upon the entry of final judgment dissolving the corporation, however, it is clear that all actions or proceedings against the corporation abated, and all subsequent proceedings in such actions were void; but, as this judgment was regularly entered prior to the dissolution of the corporation, it was a valid and subsisting judgment, and was conclusive as against the corporation. On this application to establish this claim we think that judgment was competent evidence before the referee to establish the existence of the indebtedness of the corporation in this proceeding, and that the referee was, therefore, justified in accepting the judgment as evidence of the fact of the existence of the claim against the corporation.

Before the judgment had been entered, the property of the corporation in this state had been sequestrated by the court, and its officer was in possession of the property to be distributed according to law; and the question now is as to the distribution of that property. Whether this claimant should receive his proportion thereof would depend upon his establishing as against this receiver his claim as a creditor of the corporation, and we think that the entry of a judgment against the corporation, subsequent to the date of his appointment as receiver, is evidence as to the existence of the claim. The claimant rested upon the introduction of an exemplified copy of this judgment in evidence. There was no recital in this judgment of the appearance of the defendant in the action, but by an exemplified copy of the record in that action in the state of Michigan it appears that the defendant did appear therein by an attorney of the court in which the action was pending. We think the introduction of this judgment was sufficient to prove the plaintiff's claim against the corporation. The receiver rested upon his objection to the admissibility of this judgment roll as evidence, and to its competency as against him; and as we think that those objections were properly overruled, and that the only evidence before the referee was evidence competent to support the claim of the respondent, the report allowing such claim was correct.

The order appealed from should therefore be affirmed, with costs. All concur.