Julia B. Emerson v. Joseph S. Miller, Appellant.

115　315
120　480

115　315
124　678

Slander: PRESUMPTIONS AS TO USE AND UNDERSTANDING OF WORDS: *Burden of proof.* In an action for slander, the words complained of are presumed to have been used in their ordinary meaning; and the burden is on defendant to show that they were not so intended by the speaker, and so understood by those who heard him.

*Instructions.* In an action for slander, wherein defendant, who was charged with imputing want of chastity to plaintiff, introduced evidence to show that the language complained of was occasioned by previous insulting remarks made by plaintiff about defendant's children, an instruction that if the words complained of were spoken in the heat of passion, occasioned by plaintiff's abuse of defendant's children, this fact should be considered in defendant's behalf, taken in connection with another instruction that if the words were not intended by defendant, or understood by the hearers, to impute want of chastity, but were merely intended to return an insult, then defendant was not liable, was as favorable as defendant could ask.

PLEA AND PROOF. In an action for slander, it is not necessary to prove the exact words used as alleged, but proof of the use of words substantially the same in meaning as those charged is sufficient.

DAMAGES: *Review of verdict.* The amount of damages to be allowed in an action where the words use are slanderous *per se* and where punitive damages may properly be allowed being peculiarly within the discretion of the jury, a verdict for $800 for using words in the presence of others imputing want of chastity to a married woman will not be set aside as excessive.

Appeal: *Assignee of judgment need not be substituted.* Where the record showed that after the judgment was rendered it was assigned to plaintiff's attorneys, the contention that therefore such assignees should be substituted as the real parties in interest, instead of plaintiff, in the appellate court, was without merit; such substitution being neither required nor authorized by Code, section 3476, providing that no action shall abate by the transfer of any interest therein, nor by any other statute.

*Appeal from Jefferson District Court.*—HON. M. A. ROB-
ERTS, Judge.

TUESDAY, JANUARY 21, 1902.

ACTION to recover damages for slanderous words al-
leged to have been spoken by defendant to plaintiff, in the
presence of others, imputing to her want of chastity. Ver-
dict for plaintiff for $800 damages, on which judgment was
rendered, from which defendant appeals.—*Affirmed.*

*I. D. Jones* and *Leggett & McKemey* for appellant.

*A. G. Jordan* and *M. A. McCoid* for appellee.

McCLAIN, J.—While there is some conflict in the evi-
dence as to whether the language imputed to defendant was
substantially used by him, there is ample evidence to sustain
the verdict of the jury, and it is not our province to deter-
mine the weight of the evidence one way or another.
It is well settled that proof of the use of words sub-
stantially the same in meaning as those charged is
admissible in actions for slander, and that it is not neces-
sary to prove the exact words used as alleged. 18 Am. &
Eng. Enc. Law (2 Ed.) 1078.

Evidence was introduced on the part of defendant tend-
ing to show that, prior to the use of whatever language he
did use toward plaintiff on the occasion referred to, the
plaintiff applied opprobrious epithets to, and made
insulting remarks about, defendant's children. The
court, in its charge, told the jury that if the words
complained of were spoken in the heat of passion, occasioned
by plaintiff's abuse of defendant's children, that fact should
be taken into consideration in behalf of defendant; and this
was all that defendant could ask. The alleged conduct of
plaintiff would not be a justification for defendant's wrong.
The fact that defendant would not be liable if the words

spoken were not used or understood as imputing want of chastity, but only for the purpose of returning the insult thrown out against defendant's family, was covered by a paragraph of the court's charge in which it was stated that if the words were not intended by defendant, nor understood by the hearers, to impute want of chastity, then defendant was not liable. These parties may both have been in the wrong, but the jury has passed on the question in the light of the evidence.

Appellant also complains of an instruction to the effect that the words should be presumed to have been used in their ordinary meaning, and that it was for defendant, by proof, to overcome such presumption by showing that the words spoken were not so intended and understood by the speaker and those who heard him. It seems to us, however, that this instruction was correct. The burden was not in the first instance on the plaintiff to show not only the use of slanderous language, but also the intention of defendant to use the words in their ordinary meaning, and that the words so used were understood by those hearing them as conveying that meaning.

Appellant's principal contention is, however, that the damages were excessive. But the amount of damages to be allowed in an action where the words used are slanderous *per se,* and where punitive damages may properly be allowed, is peculiarly within the discretion of the jury.

From the record as set out in the abstract, it appears that after judgment was rendered it was assigned by appellee to her attorneys of record; and appellant asks, in a motion submitted with the case, that said assignees be substituted as the real parties in interest, instead of plaintiff, in this court. We know of no authority for any such proceeding. By Code, section 3476, it is provided that no action shall abate by the transfer of any in-

terest therein during its pendency, and new parties may be brought in as may be necessary. It has been repeatedly held that the transfer of an interest in an action pending does not necessitate the substitution of a new party for the one in whose name the action has been commenced. See notes to the section of the Code above referred to. Moreover, the mere fact of an assignment does not show that plaintiff is not still the real party in interest. The assignment may have been for the purpose of collection, or to secure an indebtedness, or for various other purposes. There is no statutory provision whatever, so far as we know, for the substitution in this court of any other person than the appellee in order that the appeal may be prosecuted against him.— AFFIRMED.