G. S. Kringle v. Julia Rhomberg, O. G. Kringle, Appellant, *et al.*

Resulting Trust: PAROLE EVIDENCE TO ESTABLISH: Were the title
1    to real property purchased in a partnership transaction is taken in the name of one of the partners, there is a resulting trust in favor of the partnership which may be shown by parol, so that the same may be charged with the interest of the partnership.

Conveyance by Trustee: BONA FIDE PURCHASER: Where a trustee
2    conveys property in violation of the trust, the grantee will acquire no title unless he is a purchaser for value without notice of the trust.

:Parties: SUBSTITUTION OF.   Where a party to an action makes an
3     assignment, it is not necessary to substitute the assignee, nor
      has the other party a right to insist on such substitution.

*Appeal from Dubuque District Court.*—HON. M. C. MAT-
THEWS, Judge.

THURSDAY, MAY 19, 1903.

ACTION for partition of two certain parcels of real
property, in which plaintiff claims an undivided half inter-
est by conveyance from defendants O. G. Kringle and Ellen
M. Kringle, his wife; alleging that the other undivided half
is the property of defendant Julia Rhomberg.  D. Rhomberg
is made defendant as the husband of Julia Rhomberg; also
as claiming some interest under a deed executed by O. G.
Kringle to him as trustee.   The defendants Julia Rhom-
berg and D. Rhomberg deny the title of plaintiff, alleging
that the conveyance to him by O. G. Kingle was without
consideration, and was executed and accepted with the
fraudulent purpose of defeating the claims of creditors,
and especially the claim of one Maria Kunz for about
$1,250, unpaid purchase money; and they ask that plain-
tiff's petition be dismissed as to them, and that O. G.
Kringle and his wife, Ellen M. Kringle, and Maria Kunz
be made parties defendant.   Maria Kunz, having been
made party defendant, filed a cross-petition against plain-
tiff and O. G. Kringle and wife, alleging that the firm of
Walker & Rhomberg advanced the purchase price of the
parcels of real property described in plaintiff's petition,
which real property was purchased in partnership by the
firm of Walker & Rhomberg and O. G. Kringle, and that
Walker & Rhomberg were to have a lien thereon for such
purchase price and advances made by them on account of
the holding and selling of such property, and that the
proceeds, after repayment to them of the purchase price
and advances, should be divided equally between said firm

and said O. G. Kringle.   Maria Kunz further alleged that.
the claim of said Walker & Rhomberg for purchase price
and advances had been assigned to her as security for a.
claim of $10,000 which she held against said firm, and that
the conveyance of O. G. Kringle and wife to plaintiff was
fraudulent, and asked that she have judgment against O. G.
Kringle for the amount due from him to Walker & Rhom-
berg on account of purchase money and advances, and that.
the claim be declared a lien on the premises.   To this cross-
petition O. G. Kringle pleaded the statute of limitations.
and a discharge in bankruptcy, and Maria Kunz replied
that the claim arose out of fraud, and was not discharged
by the bankruptcy proceeding.   In the decree the court.
affirmed the shares of plaintiff and Julia Rhomberg, as.
set out in plaintiff's petition, and ordered partition ac-
cordingly, and on the cross-petition rendered judgment in
favor of Maria Kunz against O. G. Kringle for $1,645.   O.
G. Kringle appeals from the judgment against him on the
cross-petition.   Julia Rhomberg, D. Rhomberg, and Maria
Kunz appeal from the decree so far as it is in favor of
plaintiff—*Reversed*.

*R. W. Stewart* and *P. S. Webster* for appellants O.
G. Kringle, Ellen M. Kringle, and G. S. Kringle.

*McCarthy, Kenline & Roedell* for Marie Kunz, Julia.
Rhomberg, and D. Rhomberg.

McClain, J.—From the foregoing statement, it is evi-
dent that the issues in this case are various and complex;
but in truth the statement is very inadequate as a pre-
sentation of the pleadings, the abstract of which covers.
twenty-two printed pages.   Many questions of controversy
appear in the record and arguments of counsel, not in any
way suggested by this brief outline, but necessarily in-
volved in determining the correctness of the decree.

This much is said, not by way of complaint, but in explanation of the difficulty we experience in stating the grounds on which our conclusions are based, and especially by way of explanation of the anomaly of a decree in partition proceedings awarding a judgment in favor of one who was not a party to the original proceeding, against another who not only was not an original party, but does not claim any interest whatever in the property to be partitioned, which judgment is not made a lien on the property, or any interest in it, but is purely personal and based on fraud; and this anomalous result has been reached notwithstanding the provisions of Code, section 4240, which seems to have been designed to prevent the joinder of another cause of action, or the interposition by way of counterclaim of any claim for the recovery of a personal judgment in a partition proceeding.   If the rules of pleading had been adhered to in this case, the issues would have been much simpler and more intelligible, not only to this court, but probably to the trial court.   However, no objection was made in the court below to misjoinder or improper interposition of a new cause of action by counterclaim or cross-petition until the close of the evidence, and therefore, if there was any cause of complaint on any such ground, the objection was made too late.

There seems to be no dispute as to the fact that plaintiff had, when the decree was rendered, the legal or apparent title by conveyance from O. G. and E. M. Kringle to an undivided half interest in the premises described in his petition; and in considering the correctness of the decree, so far as it confirmed the interest claimed by him, it will only be necessary to notice the objections made to his title.   We shall indicate but briefly our conclusions, realizing that those not familiar with the record will feel but slight interest in the details of the case, and that the parties directly interested will appreciate the bearing of our conclusions without elaborate explanation.

In pursuance of some partnership arrangement between O. G. Kringle and the firm of Walker & Rhomberg, the two tracts of land situated in the city of Dubuque, described in plaintiff's petition, were acquired in 1891 by distinct transactions; title to one being taken in the name of O. G. Kringle, and title to the other in that of Julia Rhomberg. One tract may be called the "Sullivan Tract," afterwards known as "Rose Hill Addition"; the other, the "Tibey Lots" or the "Quarry." On April 3, 1893, O. G. Kringle executed to D. Rhomberg, trustee, a warranty deed for an undivided half interest in the entire property, but on August 26, 1893, with D. Rhomberg and one Tschirgi, he executed a declaration that this deed was made to secure Tschirgi on account of a joint indebtedness of himself and Tschirgi to Walker & Rhomberg, for which Tschirgi had mortgaged his own property. A deed of D. Rhomberg, trustee, and D. Rhomberg and Julia Rhomberg in their own right to O. G. Kringle, executed May 14, 1896, purports to be a correction of this trust deed of April 3, 1893, so as to protect O. G. Kringle and his wife against any liability under the trust deed for certain mineral rights in the property, which had been reserved in the original conveyance of the Sullivan tract, and also to relieve them from liability under such conveyance for back taxes. On January 22, 1898, Julia Rhomberg and D. Rhomberg executed to Ellen M. Kringle a quit claim deed to an undivided one-half of the entire property described in the plaintiff's petition, with the recital that such deed was given in lieu of a former deed which had been lost; and D. Rhomberg, in his testimony, explains this transaction as intended simply to make good the title of O. G. Kringle and wife to an undivided one-half interest in the Tibey lots, which had been included with the other property in the trust deed to D. Rhomberg, without any legal title having been in Kringle at that time. This explanation seems to be satisfactory and uncontroverted. While

it is true that this conveyance was to Ellen M. Kringle instead of to O. G. Kringle, it appears that at this time O. G. Kringle was insolvent and heavily indebted, and was doing business in his wife's name; and, no doubt, it was thought to be necessary to thus protect her against liability. There was no consideration proceeding from Ellen M. Kringle for this conveyance.    On May 20, 1899, Tschirgi released to O. G. Kringle all his interest under the trust deed of April 3, 1893, and the declaration of the purpose thereof made August 26, 1893, as already explained. It has been necessary to refer to this trust deed and the other instruments relating to the same transaction to clear the case of confusion resulting from their injection into the record.    If we are correct in our conclusions, these instruments have no bearing on the rights of the parties to the present controversy, and no further reference will be made to them.

The first transaction of significance in the case, after the acquisition of the title to the premises in 1891—the conveyance to the Sullivan tract being taken in the name of O. G. Kringle, and that of the Tibey lots in the name of Julia Rhomberg, as already stated—was a warranty deed on November 13, 1893, by O. G. Kringle and wife to Julia Rhomberg, conveying an undivided one-half of Rose Hill addition, which conveyance was on December 27, 1893, corrected by a quit claim deed by the same grantors to the same grantee.    As the trust of April 3, 1893, to D. Rhomberg for an undivided half had previously been executed, it may, perhaps, have been the intention in making this conveyance to place the balance of O. G. Kringle's apparent interest in Rose Hill addition in Julia Rhomberg, who already had title to the Tibey lots, and thus practically wind up any partnership relation existing between Walker & Rhomberg and O. G. Kringle.    That this was the intention seems to be indicated by an instrument executed on December 28, 1893, in which O. G. Kringle

acknowledges that Walker & Rhomberg had fully settled with him for all real estate he theretofore owned in partnership with them, agreeing to execute quitclaim deeds to any and all such pieces, whenever asked for by said Walker & Rhomberg, for any equity he might have theretofore had in the pieces owned by them in common and undivided, "and which now stand in the names of D. Rhomberg, J. Rhomberg, Julia Rhomberg," etc., "of record." On the same date, in an instrument executed by Walker & Rhomberg, it is recited that "in settlement of the purchase price of the real estate sold by O. G. Kringle to D. Rhomberg and J. Rhomberg," etc., "he, the said Kringle, is to get his account with Walker & Rhomberg balanced, including his liability in the account of Tschirgi and Kringle to Walker & Rhomberg." It appears that this last instrument was the one produced by O. G. Kringle to Tschirgi in order to secure the satisfaction by Tschirgi of the trust deed made for his benefit to D. Rhomberg on April 3, 1893. We have not noticed the contradiction in the evidence as to the source from which the money was derived with which the property was originally bought, and we need not decide whether the entire purchase price was advanced by Walker & Rhomberg under an agreement that Kringle should have a one-half interest in the profits after the entire purchase price and other advances by Walker & Rhomberg were satisfied, with interest, or whether O. G. Kringle paid Walker & Rhomberg at the time one-half the purchase price, and thereby became the real owner of a one-half interest, subject only to liability for advances subsequently made by Walker & Rhomberg in caring for the property. It is unnecessary to cite authorities in support of the proposition that, where title to real property purchased in a partnership transaction is

1. RESULTING trust: parol evidence to establish.

taken in the name of one of the partners, there is a resulting trust in favor of the partnership, which may be established by parol

evidence, so that the title in the one partner may be
charged with the interest of the partnership. If Walker
& Rhomberg advanced the entire purchase price, then O.
G. Kringle had no interest, save in the proceeds after the
purchase price and advances were satisfied. If O. G.
Kringle paid one-half the purchase price, then his benefi-
cial interest must have been exhausted in satisfaction of
the joint debt which he and Tschirgi owed to Walker &
Rhomberg. We cannot believe, under the evidence, that
he had any beneficial interest after the settlement of
December 28, 1893. After that date he was a naked
trustee, with no interest which he could convey in
his own right.

When, therefore, on April 17, 1899, O. G. Kringle and
wife attempted to convey an undivided half interest in all
this property to the plaintiff, G. S. Kringle, in violaton of
*2. CONVEYANCE* the trust, no title passed, unless plaintiff was a
*by trustee:* purchaser for value, without notice. Plain-
*bona fide* tiff was the brother of O. G. Kringle, and
*purchaser.*
there is evidence tending to show that he had no means
with which he could have paid the $500 recited as the con-
sideration for the deed. But regardless of this evidence,
plaintiff does not show that he actually paid any consid-
eration, nor that, having paid a consideration, he took the
property without notice of the trust. We reach the con-
clusion that plaintiff did not acquire an undivided half
interest, or any other interest, and that the decree of the
lower court , establishing an interest in him and directing
a partition of the property, was erroneous.

The judgment in the lower court in favor of Maria
Kunz against O. G. Kringle was based on the theory that
the latter had, by his wrongful act in conveying an un-
divided interest in the property to plaintiff, put said
property beyond the reach of Maria Kunz, who had by
assignment acquired all the rights of Walker & Rhomberg,
D. Rhomberg, trustee, and Julia Rhomberg in this prop-

erty. As we have reached the conclusion that plaintiff acquired no interest in the property by the attempted transfer from O. G. Kringle and wife, there is no basis for this judgment; and in that respect, also, the decree is reversed.

A motion by O. G. Kringle, appellant, to strike from appellee's additional abstract a portion thereof which refers to an application in the lower court, made after judgment and before appeal, to substitute Ellen M. Kringle as plaintiff, on the ground that plaintiff had, after judgment, made a conveyance of the interest declared to be in him by the decree to said Ellen M. Kringle, is submitted with the case. It is not necessary to have the assignee substituted in case of an assignment pending litigation, nor has the opposite party the right to insist on such substitution. *Kreuger v. Sylvester,* 100 Iowa, 647; *Emerson v. Miller,* 115 Iowa, 315. It is urged that this motion for substitution is really in the nature of a supplemental pleading. But it is not so denominated, and we see no reason for granting the relief asked in this respect.

3. PARTIES: substitution of.

The motion to strike the matter from appellee's amended abstract is sustained, without costs. A decree may be entered in this court in accordance with the foregoing opinion, if any of the parties so elect. Otherwise the case will be remanded to the lower court for such decree.—REVERSED.