NORTHERN TRUST & SAVINGS BANK, Appellant, v. HARRY E. BEACH, Appellee.

PARTIES:    Substitution—Right of Substituted Party to Plead and Amend. A party who (apparently without objection) has been substituted as plaintiff in an action of replevin should be permitted to

plead that he has, since the institution of the action by the original plaintiff, acquired all the interest of said original plaintiff, and should likewise be permitted to correct allegations in such pleading · equally with any other litigant.

**Headnote 1:** 31 Cyc. p. 487 (Anno.)

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JUNE 25, 1925.

AN action in replevin. There was substitution of plaintiff. On motion of defendant, judgment was rendered on the pleadings in his favor. From rulings and judgment, plaintiff appeals.—*Reversed and remanded.*

*C. J. Hilkey* and *Hansen & Hansen,* for appellant.

*Wilson & Shaw* and *Sullivan & Sullivan,* for appellee.

ARTHUR, J.—The original petition, filed June 26, 1923, by the Northern Trust & Savings Bank, was the ordinary petition in replevin, alleging right to possession based on provisions of a certain chattel mortgage executed by one Al Miller to the Northern Trust & Savings Bank on June 16, 1921, and filed for record on July 13, 1921, covering, among other cars, the automobile in controversy. Upon the filing of petition and bond, writ of replevin issued, and was served by delivering the automobile to plaintiff, Northern Trust & Savings Bank. The petition alleged the car to be of the actual cash value of $2,000. Damages for wrongful detention of the property were alleged in the sum of $500.

Defendant answered, denying plaintiff's right of possession and damages, and alleging that he had suffered damages in the sum of $1,000 on account of wrongful detention of the property by plaintiff.

On March 18, 1924, plaintiff, Northern Trust & Savings Bank, moved "that Harry Hansen be substituted as plaintiff in the above-entitled cause," without stating more. At the same time, or on the same day, an amendment to the petition was filed by Hansen, alleging the ownership and right to possession of

the automobile which had been taken under the writ, to be in him, and based his right to possession on a certain chattel mortgage executed by Al Miller to one George E. Perley, on June 16, 1921, and filed for record on July 13, 1921, covering the car in controversy, and that Hansen had become the owner of said mortgage and the indebtedness secured thereby, by assignment from Perley. The Hansen amendment demanded possession of the automobile and damages for wrongful detention in the amount of $500.

On March 22, 1924, the motion to substitute plaintiff was sustained. On the same day, defendant filed an amended and substituted answer, alleging facts under which he claimed ownership and his right to possession of the automobile, and stating:

"The defendant admits that the automobile taken from him under the writ of replevin herein was, at the time it was so taken by the plaintiff, of the actual cash value of $2,000, as alleged by plaintiff in its petition."

On March 27, 1924, the case came on for trial. Defendant waived a jury, and moved for judgment on the pleadings, which was resisted by counsel, appearing for both the original plaintiff and substituted plaintiff, and a jury trial demanded. At this juncture of the proceedings, Hansen, the substituted plaintiff, offered an amendment to the amended and substituted petition, as follows:

"That the mortgage heretofore sued upon by the Northern Trust & Savings Bank has since been assigned to this plaintiff, Harry N. Hansen, for a valuable consideration, and that the mortgage therein set out and the notes therein contained are now the property of the said Harry N. Hansen, are past due, and unpaid. And further, the Northern Trust & Savings Bank has assigned to the said Harry N. Hansen any and all claims or rights which they had or may have had under and by virtue of said mortgage or said replevin suit, and the said Harry N. Hansen in turn has accepted all of the liabilities thereunder or thereto pertaining."

Counsel for plaintiffs also at this time offered another amendment, as follows:

"Comes now the plaintiff and substituted plaintiff and offers to amend their petitions and substituted petition hereinbe-

fore filed by withdrawing the specified value of the car therein and adding in place thereof that the fair, reasonable market value of said car at the date of the taking of the same was in the sum of $500."

Leave to file the offered amendments was refused, and the motion for judgment on the pleadings was sustained, and judgment entered in favor of defendant against the Northern Trust & Savings Bank and sureties on the replevin bond in the sum of $2,000, with interest and costs. In ruling, the court stated:

"It is my view of the situation here there can be no substitution in this action so as to affect the defendant's rights. His rights are against the bank. The bank has substituted a new plaintiff; and, as far as the replevin action is concerned, it still stands as against the bank and the bond, as far as the rights of the defendant are concerned. It looks to me as though there is nothing here to try. The bank is out of the case; we have a new plaintiff here, and a new cause of action stated; and defendant is entitled to his remedy against the bank."

We think the proffered amendments above quoted should have been entertained, and that, under the issues thus made, the motion for judgment on the pleadings should have been overruled, and the trial allowed to proceed. The amendment offered, alleging that Hansen had become the owner of the chattel mortgage on which the action was originally based, left a cause of action based upon the same chattel mortgage as in the original petition.

Error is assigned on refusal of the court to permit amendment to the petition alleging assignment, subsequent to the institution of the action, by the Northern Trust & Savings Bank to Hansen, of the note and mortgage held by the Northern Trust & Savings Bank at the time the action was commenced, and on which right to possession of the automobile in controversy was based. The amendment offered alleged assignment by the bank to Hansen of the mortgage upon which the action was originally based. The object of the offered amendment was to show succession of interest in the subject-matter during pendency of the suit. The amendment should have been entertained, and refusal to permit such amendment was error. In many cases the principle is recognized that an assignee of a claim who has received

the same during pendency of a suit brought by the assignor, may be permitted to step into the shoes of the assignor and continue the suit. *Sample v. Rand,* 112 Iowa 616; *Bank of Commerce v. Timbrell,* 113 Iowa 713. Section 3476, Code of 1897 (Section 10991, Code of 1924), provides:

"No action shall abate by the transfer of any interest therein during its pendency, and new parties may be brought in, as may be necessary."

We think, also, that the amendment offered withdrawing the allegation that the car was of the value of $2,000, and alleging that the reasonable market value of the car on the date it was taken under the writ of replevin was in the sum of $500, should have been permitted.

In thus holding, we do not pass upon or express opinion as to the merits of the case, nor as to any question of liability on the replevin bond.

For the reasons above set forth, the case is reversed and remanded, with direction that the amendments above mentioned be entertained, and the judgment entered set aside.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.