143 So. 446

### BARCLIFT v. FIRST NAT. BANK OF HARTSELLE.

8 Div. 391.

Supreme Court of Alabama.

June 25, 1932.

Rehearing Denied Oct. 13, 1932.

E. W. Godbey, of Decatur, for appellant.

A. J. Harris and Norman W. Harris, both of Decatur, for appellee.

**GARDNER, J.**

◼ Count 1 does not represent perfection in pleading, in that it fails to specifically aver the execution by defendant of the note sued upon. But such failure of averment is not always fatal if by other allegations and statements therein contained the fact of execution is made manifest. 8 Corpus Juris, 873. This count avers that the sum claimed of defendant "is due from him by promissory note executed on the 28th day of March, 1930," and that "in and by said note the defendant waived all rights of exemptions * * * and agreed to pay a reasonable attorneys' fee."

◼ If there is uncertainty as to the manner of defendant's liability, that is, as maker or indorser, the defect should have been pointed out by specific assignment or demurrer. The only assignment that could be said to be appropriate as to sufficiency of the count in this respect is the very general one that no substantial cause of action is stated. Clearly as against such an assignment the count was properly held sufficient and the demurrers overruled without error.

Nor do we interpret the amended complaint as failing to show any interest in the First National Bank of Hartselle. The original complaint alleged that the note had been transferred to plaintiff, the First National Bank, by the Farmers' & Merchants' Bank, the payee, and that plaintiff was the owner and holder thereof, which averments were by amendment stricken and in lieu thereof were added the words, "Said note is the property of the plaintiff." Demurrer having been sustained to the complaint as thus amended, plaintiff amended the same by adding the Farmers' & Merchants' Bank as plaintiff for the use of the First National Bank. This was, as the judgment entry discloses, a further amendment of the complaint and not a matter of substitution, and left in the complaint the previous averment that the note was the property of the plaintiff. 49 Corpus Juris, 599.

◼◼ As the First National Bank was the beneficial plaintiff, the Farmers' & Merchants' Bank was a nominal party only, and the former bank, under the statute (section 5700, Code 1923), is to be considered the sole party of record, and we see no necessity for the complaint to show whether the latter bank was a partnership or a corporation. Moreover, it appearing without conflict that defendant executed the note to said Farmers' & Merchants' Bank, if any error intervened in this respect, it was clearly without injury. Bennett v. Bennett, 224 Ala. 335, 140 So. 378.

◼ The notes sued upon were offered in evidence. Defendant offered no proof, nor was there any sworn plea denying the beneficial ownership of the First National Bank. Section 7663, Code 1923. No duty, therefore, rested upon plaintiff to make proof as to its interest in the notes. Howle v. Edwards, 113 Ala. 187, 20 So. 956; Bird v. Wooley, 23 Ala. 717.

The affirmative charge was given for plaintiff without error.

◼ Defendant interposed a plea since the last continuance, the substance of which was that subsequent to the institution of this suit the First National Bank had become insolvent and that the Comptroller of the Currency had appointed a receiver therefor who is invested with the title to the notes sued upon. The striking of this plea is assigned as error. Defendant relies upon the authorities to the

428

effect that it is the duty of the receiver to collect the assets and debts of the bank (Turner v. Richardson, 180 U. S. 91, 21 S. Ct. 295, 45 L. Ed. 438), and, that he is in effect an assignee of the insolvent bank (Lawson v. Warren, 34 Okl. 94, 124 P. 46, 42 L. R. A. [N. S.] 183, Ann. Cas. 1914C, 139; Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059), and we are cited to 7 Corpus Juris, 845, as to the duty of district attorneys in bringing suits in the name of such receivers. But we do not understand these authorities as sustaining the argument for error in striking the plea in the instant case.

The authorities are to the effect that the appointment of a receiver of a national bank does not terminate its legal existence, but it still remains capable of bringing suit (7 Corpus Juris, 842), and that a receiver is authorized to sue in his own name or in the name of the bank (7 Corpus Juris, 845; National Bank v. Kennedy, 17 Wall. 19, 21 L. Ed. 554).

The suit by the bank was pending at the time of the receiver's appointment, and whether it should proceed in that manner or the receiver intervene was not a matter of which defendant could complain. The receiver represented and was a privy of the bank, and any decree rendered in the cause would therefore be binding and protect the debtor. The appointment of the receiver did not incapacitate the bank from continuing the suit in its name. Central National Bank v. Connecticut Mut. Life Insurance Co., 104 U. S. 54, 26 L. Ed. 693.

Upon consideration of the matters argued in brief for appellant, we find no error to reverse. It results, therefore, that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.