GRIMES SAVINGS BANK, Appellee, v. MAGGIE MCHARG et al., Appellants, J. G. MYERLY, Intervenor, Appellee.

No. 42281.

NOVEMBER 14, 1933.

REHEARING DENIED FEBRUARY 15, 1934.

C. E. Hunn and H. S. Hunn, for appellants.

J. G. Myerly, for appellees.

KINTZINGER, J.—The only questions raised in this appeal are whether or not the court erred in dismissing defendants' plea in abatement; and in overruling defendants' motion to dismiss Myerly's petition of intervention. The facts upon which the questions raised are to be determined are substantially as follows:

In January, 1930, the plaintiff bank obtained judgment against the defendant Maggie McHarg for about $9,400 and interest. That, during the period of the indebtedness upon which said judgment was obtained, the defendant Maggie McHarg, in October, 1925, conveyed two tracts of land aggregating 176 acres to the defendant Ethel Kuefner. This action was commenced in September, 1930, to set aside the above-named conveyances on the grounds they were made with the intent of hindering, delaying, and defrauding her creditors, and especially this defendant, and were made without any consideration whatsoever. Thereafter certain judgments were rendered against Ethel Kuefner by other creditors. In April, 1932, the real estate in question was conveyed to the defendant C. E. Hunn, trustee, for the benefit of all of her creditors.

The defendants Maggie McHarg, Ethel Kuefner, and Albert Kuefner filed their answers to the petition in this action in July, 1931, and the defendant Hunn, trustee, filed his answer in December, 1932. The answers in substance plead a general denial.

In March, 1933, a receiver was appointed for the plaintiff bank. Until that time the bank was a going concern. The inventory filed by the receiver does not list the judgment in question as one of the assets of the bank, and the receiver makes no claim thereto in this action, and has not intervened. Neither is there any showing that the plaintiff corporation has been actually dissolved, or that the corporation has ceased to exist.

The answers of all the defendants except the trustee were on file almost two years, and the answer of the trustee Hunn for several months prior to the appointment of a receiver for the plaintiff bank.

In May, 1933, the defendants filed a plea in abatement, and as grounds therefor allege in substance as follows:

1. The appointment of a receiver for the plaintiff bank and that the action abates for lack of a proper party plaintiff.

2. That the judgment in question was no longer the property of the plaintiff bank, but, by virtue of certain agreements between the bank and some of its directors, one of the directors became subrogated to all rights of the bank in said judgment; that the bank is no longer the owner of said judgment; that the receiver has no right, title, or interest therein; that neither the plaintiff nor the receiver are proper parties in interest; and therefor have no right to pursue this action.

3. That other creditors of the defendants are proper parties to this action, but were not brought in.

J. G. Myerly, an attorney, on June 1, 1933, filed a petition in intervention claiming a common interest with plaintiff in the relief prayed for in plaintiff's petition, alleging his employment by the plaintiff bank in securing the judgment against Maggie McHarg upon which plaintiff's action is founded. He also alleges that, pursuant to his employment as attorney for plaintiff in that action, he performed many and valuable services, resulting in the judgment in question, for which he duly filed and effected an attorney's lien against said judgment. The defendants moved to dismiss the petition in intervention on the ground that the intervenor fails to show any interest or ownership in the subject-matter of the suit.

The lower court sustained plaintiff's motion to dismiss the defendants' plea in abatement, and at the same time overruled the defendants' motion to dismiss intervenor's petition of intervention.

■■■ I. It is the general rule of law that, unless there is a statutory provision forbidding it, a pending action will not be abated because of bankruptcy or insolvency proceedings commenced against a plaintiff, after the original action was commenced. It is also the general rule that the appointment of a receiver will not abate the action, but it may be continued in the name of the original party, unless there is a statutory provision to the contrary. This is especially true where there has been no motion made to have the

receiver substituted for the plaintiff, and where the receiver does not voluntarily intervene to claim any interest in the action. In such cases the action may be prosecuted by or against the original party. 1 C. J. 144, section 226; 1 R. C. L. 48, section 51; Weigen v. Council Bluffs Ins. Co., 104 Iowa 410, 73 N. W. 862; Des Moines Savings Bank v. Morgan Jewelry Co., 123 Iowa 432, 99 N. W. 121; Wilsey v. Jewett Bros. & Co., 122 Iowa 315, 98 N. W. 114; Britten v. Sheridan Oil Co., 205 Iowa 147, 217 N. W. 800; People v. Commercial Alliance Ins. Co., 151 N. Y. 640, 45 N. E. 1133, affirming 5 App. Div. 273, 39 N. Y. S. 117; Barclift v. First Nat. Bank, 225 Ala. 426, 143 So. 446; Garden of Eden Drainage Dist. v. Bartlett, 330 Mo. 554, 50 S. W. (2d) 627, 84 A. L. R. 1078; Central Nat. Bank v. Mutual Co., 104 U. S. 54, 26 L. Ed. 693; Lusk Lumber Co. v. Independent Producers Consol., 43 Wyo. 191, 299 P. 1044; Leonard v. Hartzler, 90 Kan. 386, 133 P. 570, 50 L. R. A. (N. S.) 388.

The cases hereinabove referred to, including the Iowa cases cited, have adopted the rule that, where an action has already been commenced, before any receivership proceedings were begun, it may be continued in the name of the original party where other parties are not brought in on motion.

In Weigen v. Council Bluffs Ins. Co., 104 Iowa 410, 73 N. W. 862, we said:

"It will be observed that there is no allegation that the corporation has been dissolved, or that the court, in appointing the receiver, enjoined it from exercising any of its corporate powers. *No statute of this state limits the powers of a corporation upon the appointment of a receiver*, and those of the defendant were restrained only by depriving it of its property. The right to sue and be sued, conferred by the statute, was retained. No relief was asked against the receiver, and he was not a necessary party, though he might, in the discretion of the court, be permitted, by intervening, to interpose any proper defense to the action. The authorities seem in entire harmony on these propositions."

In Wilsey v. Jewett Bros & Co., 122 Iowa 315, loc. cit. 318, 98 N. W. 114, 115, we said:

"Certainly such proceedings did not operate to abate the same; nor did the fact that plaintiff subsequently failed to schedule the claim sued upon as an asset have any such effect. Section 3476 of

the Code provides *that no action shall abate by the transfer of any interest therein during its pendency*, and new parties may be brought in as necessary. Now, conceding that the claim was properly an asset, and should have been scheduled, plaintiff still had the right to continue in its prosecution until deprived of that right by some action on the part of the bankruptcy court, or the trustee appointed by it. * * * But aside from this, if there was any wrong committed in not scheduling the claim, it was not a wrong done to this defendant. It was in no sense prejudiced thereby, and there is no principle upon which to rest a holding that its liability became extinguished by reason of such fact."

The rule is settled in this state that the mere appointment of a receiver long after an action has been commenced will not abate the prosecution of the action by the party for whom a receiver has been appointed. If the receiver was the proper party in interest, he could have been brought into the case on motion. Searles v. Life Ins. Co., 148 Iowa 65, 126 N. W. 801, 29 L. R. A. (N. S.) 405; Hawkeye Securities Fire Ins. Co. v. Central Trust Co., 210 Iowa 284, 227 N. W. 637.

The general rule is that the appointment of a receiver for a corporation, which does not operate to dissolve it, does not affect its right to sue or to enforce judgments previously obtained. 14-a C. J. 885; People v. Barnett, 91 Ill. 422; Leonard v. Hartzler, 90 Kan. 386, 133 P. 570, 50 L. R. A. (N. S.) 383; Britten v. Sheridan Oil Co., 205 Iowa 147, 217 N. W. 800. An abatement of a pending action does not result from the appointment of a receiver. Weigen v. Council Bluffs Ins. Co., 104 Iowa 410, 73 N. W. 862; O'Mara v. Newton & N. W. R. Co., 156 Iowa 701, 137 N. W. 942.

II. It is also contended that this action should be abated because it appears that the plaintiff is not the real party in interest. Under this ground it is claimed that the obligation sued on was simply held by the bank as trustee; the same having been equitably assigned to one Shawver as such trustee. It is the general rule that, even though an assignment of the cause of action had been made to another, the original party can prosecute the action. Code, section 10991; Emerson v. Miller, 115 Iowa 315, 88 N. W. 803; Mayo v. Halley, 124 Iowa 675, 100 N. W. 529; Grimes Savings Bank v. McHarg, 213 Iowa 969, 236 N. W. 418; Price v. Baldauf, 90 Iowa 205, 57 N. W. 710; Chickasaw County v. Pitcher, 36 Iowa 593; Citizens

State Bank v. Jess, 127 Iowa 450, 103 N. W. 471; Kreuger v. Sylvester, 100 Iowa 647, 69 N. W. 1059; Northern Trust & Sav. Bank v. Beach, 200 Iowa 257, 204 N. W. 412; Markley v. Telegraph Co., 159 Iowa 557, 141 N. W. 443; Kringle v. Rhomberg, 120 Iowa 472, 94 N. W. 1115. There is no question but what the *legal title* in the judgment, upon which this action is based, is in the plaintiff. The general rule is that a legal title to a judgment will support an action thereon, although the full equitable interest therein belongs to another. 47 C. J. 35, section 71; Ritchey v. Fisher, 85 Iowa 560, 52 N. W. 505; Cassidy v. Woodward, 77 Iowa 354, 42 N. W. 319; Pearson v. Cummings, 28 Iowa 344; Knadler v. Sharp, 36 Iowa 232.

This action was originally commenced by the plaintiff, and was based upon a judgment rendered in its favor, and not as an agent or trustee of another. Plaintiff, being the holder of the legal title of the judgment in question, is therefore entitled to proceed with the enforcement thereof.

III. The record shows that the intervener, J. G. Myerly, duly filed and perfected an attorney's lien on the judgment docket in which the judgment referred to was entered. An attorney has a lien for his services upon any money due his clients in an action prosecuted by him, and in which the judgment was recovered. Such lien, when perfected, operates as an equitable assignment of the interest in the judgment, and gives such attorney an interest thereon from the time it is perfected, by proper entry in the judgment docket in which the judgment is entered. Code, section 10924; Coombe v. Knox, 28 Mont. 202, 72 P. 641; Stoddard v. Lord, 36 Or. 412, 59 P. 710; Newbert v. Cunningham, 50 Me. 231, 79 Am. Dec. 612.

Section 11174 of the Code provides that:

"Any person who has an interest in the matter in litigation * * * may become a party to an action."

In the case at bar the attorney's client brings an action, based upon the judgment obtained through the services of its attorney, to set aside certain deeds and conveyances, for the purpose of having the real estate subjected to the judgment. The effect of an attorney's lien is tantamount to an assignment of an interest in the judgment. The attorney, therefore, is personally interested in the action to subject the real estate wrongfully conveyed to the judgment.

The rule is well stated in Coombe v. Knox, 28 Mont. 202, 72 P. 641, where the court said:

"The lien granted by the statute operates as an equitable assignment of so much of the judgment as will satisfy the lien, and, for the purpose of securing payment, subrogates the attorney to the right of his client to that extent."

The record in this case shows that the attorney's lien was perfected. Where such lien has been perfected, it therefore gives him such an interest in the judgment that he may become a party to the action to subject the real estate to the satisfaction thereof. The rule is also well expressed in Lown v. Casselman, 25 N. D. 44, 141 N. W. 73. This is a case from Norh Dakota where the attorney's lien statute is similar to that in Iowa. In that case the court says:

"Such is the appellant's reasoning; but, unfortunately for him, it is not supported by the weight of authority. All the principles so involved in arriving at such a conclusion have been by this court concluded against appellant by the case of Clark v. Sullivan, 3 N. D. 280, 55 N. W. 733. There it was held that 'the rights of the attorney under his lien are those of an equitable assignee;' and again, 'The attorney, being regarded as an equitable assignee of the judgment, has a right to the same remedial processes as his client to obtain satisfaction to the extent of his lien.' In Coombe v. Knox, 28 Mont. 202, 72 P. 641, speaking of a similar statutory attorney's lien, that court says, 'The lien granted by the statute operates as an equitable assignment of so much of the judgment as will satisfy the lien, and, for the purpose of securing payment, subrogates the attorney to the right of his client to that extent.' * * * 'The charging lien of an attorney is an equitable right to be paid for his services out of the proceeds of the judgment obtained by his labor and skill. To the extent of such services, he is regarded as an equitable assignee of the judgment.' * * * No steps were taken to discharge the attorney's interest therein, which interest amounted to a claim against the judgment debtor and the right to use the judgment as the means of its enforcement."

In Byram v. Miner (C. C. A.) 47 F. (2d) 112, a case arising under the statute of Minnesota, the case had been settled and dismissed, and it was held that the case could be reinstated for the purpose of enforcing the lien against the defendant.

For all of the foregoing reasons we are constrained to hold that there was no error in the action of the lower court in dismissing

defendants' plea in abatement, nor in overruling defendants' motion to dismiss intervenor's petition.

The judgment of the lower court is therefore hereby affirmed.

ALBERT, C. J., and STEVENS, ANDERSON, MITCHELL, and KINDIG, JJ., concur.

STEVENS, J. (specially concurring)—I concur in the conclusion announced in the foregoing opinion, but find myself out of harmony with the pronouncement that the lien of an attorney operates as an equitable assignment of the judgment. It seems to me that this conclusion is not in harmony with either the statute or numerous prior decisions of the court.

The right of Myerly to intervene may be conceded, but, as notice of his attorney's lien was not made of record on the judgment docket until after the conveyance complained of was had, he has no independent cause of action. Recovery, if any, must be upon the merits of the plaintiff's cause of action. The intervention is, for the reason stated, wholly without prejudice to the appellants. The lien of an attorney under the provisions of section 10924 is upon money due his clients in the hands of the adverse party or the attorney therefor. Subdivision 4 of the section does not change the nature of the lien. It provides a method of giving notice to the adverse party or the attorney therefor of the lien upon the money due in the hands of either the adverse party or the attorney therefor. The statute does not give a lien upon the judgment. Winslow v. Central Iowa Railway Co., 71 Iowa 197, 32 N. W. 330; Ward & Lamb v. Sherbondy, 96 Iowa 477, 65 N. W. 413; Tiffany v. Stewart, 60 Iowa 207, 14 N. W. 241; Gibson v. C., M. & St. P. Ry. Co., 122 Iowa 565, 98 N. W. 474; Hurst v. Sheets & Trussell, 21 Iowa 501; McIntosh v. McIntosh, 211 Iowa 750, 234 N. W. 234; Hemingway v. Adrian State Bank, 206 Iowa 1308, 221 N. W. 920.

The lien of an attorney, under a contract for services, is not tantamount to a right to a share of the recovery stipulated for in the contract. Kauffman v. Phillips, 154 Iowa 543, 134 N. W. 575. An attorney's lien is in no sense equitable but purely statutory. Hemingway v. Adrian State Bank, supra. Such lien is subject to the right to set off mutual judgments and prior conveyances. McIntosh v. McIntosh, supra; DeLaval Separator Co. v. Sharpless, 134 Iowa 28, 111 N. W. 438. A cause of action is merged in the judgment

subsequently entered, but, so long as the debt remains unpaid, the attorney for the judgment creditor may preserve a lien upon the sum due whether in the hands of the judgment debtor or his attorney. The rule stated in the opinion which prevails in many jurisdictions may be the better rule, but, it seems to the writer, that such rule is in necessary conflict with the pronouncements in the cited cases. The lien arises purely by virtue of the statute, which will be strictly construed and must be strictly pursued. An examination of the statute in numerous of the jurisdictions referred to will disclose that they differ widely in language from the statute of this state. For example, the statute of Montana declares that the lien shall attach to the verdict of the jury and to the judgment. In the opinion of the writer, the right of Myerly to intervene should proceed upon the theory above stated and not upon the theory of an equitable assignment. Having no lien upon the judgment, and only a lien upon the sum due in the hands of the adverse party or his attorney, it is difficult to see how the doctrine of equitable assignment can have a place. The statutory provisions are ample to protect the attorney. The interposition of the doctrine of equitable assignment adds nothing to the beneficial character of the statute, and will, in the judgment of the writer, create confusion and uncertainty in the stability of established rules, not only as to attorney's, but other, liens.

MITCHELL, J., concurs.