## TEXAS & P. RY. CO. et al. v. POWER.
### (No. 10694.)

(Court of Civil Appeals of Texas. Fort Worth. May 31, 1924.)

**I. Corporations ⬪559(3)—Appointment of receivers does not dissolve a corporation.**

Appointment of receivers does not have effect of dissolving a corporation.

**2. Justices of the peace ⬪129(2)—Judgment against railway company not subject to collateral attack, because recovery should have been had against receivers.**

Where a justice court acquired jurisdiction over a railway company by service of process in an action for damages, a judgment rendered thereon was not an absolute nullity and subject to collateral attack merely because recovery should have been had against its receivers rather than against company.

**3. Judgment ⬪668(1)—Plaintiff estopped to claim judgment a nullity after suit and recovery.**

Plaintiff was estopped to complain that a judgment against a railway company was a nullity, because his cause of action lay against its receiver after he had sued it and recovered a judgment against it and was claiming right to collect that judgment.

**4. Justices of the peace ⬪152—Appeal by one party brings entire cause up to county court.**

An appeal by one party to a suit in a justice court has effect of bringing entire cause up to county court.

**5. Justices of the peace ⬪159(9)—Immaterial that appeal bond bore no date, where filed as prescribed by statutes.**

Where an appeal bond was approved and filed on 10th day after rendition of judgment in a justice court as shown by file mark indorsed thereon, it was immaterial that it bore no date, as filing was within time prescribed by statutes.

Appeal from Stephens County Court; J. W. Darden, Judge.

Action by D. E. Power against the Texas & Pacific Railway Company and another. From an order of dismissal, defendants appeal. Reversed and remanded.

Conner & McRae and G. G. Hazel, all of Eastland, and Butts & Wright, of Cisco, for appellants.

Benson & Dean, of Breckenridge, for appellee.

DUNKLIN, J. D. E. Power instituted this suit against the Cisco & Northeastern Railway Company and the Texas & Pacific Railway Company for the value of 5 head of cattle. Plaintiff alleged that he delivered to the Texas & Pacific Railway Company in Fort Worth 100 head of cattle to be transported over that road and the Cisco & Northeastern Railroad, its connecting carrier, from Fort Worth to Breckenridge, and that, when the shipment arrived in Breckenridge, there was a shortage in number of 5 head of cattle, leaving only 95 head delivered. It was alleged that the market value of those 5 head was $155, and plaintiff sued both roads for that sum. He recovered a judgment in the justice court in the amount prayed for; the recovery being against both roads jointly. From that judgment the defendant Texas & Pacific Railway Company prosecuted an appeal to the county court. The other defendant did not appeal.

When the case reached the county court, the Texas & Pacific Railway Company filed a pleading denying liability on the ground that at the time the shipment was made and at the time the suit was instituted it was being operated by receivers appointed by the United States District Court, and that its receivers in their official capacity undertook the shipment in controversy, and that, therefore, it had no such legal entity as would warrant a recovery against it, and for that reason it should be dismissed from the case. Thereupon the plaintiff in the case moved to dismiss the appeal on the ground that, since the Texas & Pacific Railway Company had no legal entity as alleged by it, and that

the receivers were the only proper parties defendant against whom a recovery could be had for damages occurring on the road, the appeal bond filed by that company in the justice court should be treated as a nullity, and that the cause should be dismissed for want of jurisdiction. The county court sustained that motion, dismissed the appeal, and ordered a writ of procedendo to the justice court, with directions to that court to take such legal steps as might be necessary to enforce the collection of the judgment there rendered in the case. From that order of dismissal both defendants have prosecuted this appeal.

[1] The action of the trial court in dismissing the appeal was erroneous. The appointment of the receivers did not have the effect to dissolve the corporation. Dullnig v. Weeks, 16 Tex. Civ. App. 1, 40 S. W. 178; U. S. & M. T. Ry. Co. v. Construction Co. (Tex. Civ. App.) 112 S. W. 447; 23 R. C. L. p. 46, and authorities there cited; Leonard v. Hartzler, 90 Kan. 386, 133 Pac. 570, 50 L. R. A. (N. S.) 383.

[2, 3] If the judgment rendered in the justice court against the Texas & Pacific Railway Company was erroneous, by reason of the fact that the cause of action in plaintiff's favor was against the receivers rather than against the company, it had the undoubted right to appeal from it to the county court on that ground. If no appeal had been prosecuted, then it could have been collected after the property was taken out of the hands of the receivers. The justice court acquired jurisdiction over that company by service of process, and it cannot be said that the judgment was an absolute nullity and subject to collateral attack merely by reason of the fact that the recovery should have been against the receivers rather than against the company. Furthermore, plaintiff is in no position to complain that the judgment against that company was a nullity after he had sued it and recovered a judgment against it and was claiming the right to collect that judgment.

[4] The appeal by one defendant alone had the effect to bring up to the county court the entire cause. Lasater v. Streetman (Tex. Civ. App.) 154 S. W. 657, and authorities there cited.

Two other grounds urged by the plaintiff for the dismissal of the appeal, and which, doubtless, the trial court did not sustain since they were manifestly without merit, were first, that the appeal bond was not dated; and, second, that it was not filed within ten days next after the rendition of the judgment in the justice court.

[5] The appeal bond was approved and filed on the tenth day after the rendition of the judgment in the justice court, as shown by the file mark indorsed thereon; it was therefore, immaterial that it bore no date as the filing was within the time prescribed by the statutes.

Since the attack made on the appeal bond was confined to the three grounds mentioned above, it becomes unnecessary to discuss other supposed objections, which, if they had been made, have been overcome by authorities cited in the able brief filed by counsel for appellants.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with the judgment of this court.

BUCK, J., not sitting.